**In re AM INTERNATIONAL, INC., Debtor.**

**No. 86 C 1704.**

United States District Court, N.D. Illinois, E.D.

Oct. 31, 1986.

See also, Bkrtcy., 53 B.R. 744.

Leroy S. Zimmerman, Atty. Gen., Com. of Pa., Robert C. Edmundson, Deputy Atty. Gen., Pittsburgh, Pa., for appellant.

James L. Nachman, Robert R. Barnes, Susan Nachman, Nachman, Munitz & Sweig, Ltd., Chicago, Ill., for debtor-appellee.

## MEMORANDUM AND ORDER

MORAN, District Judge.

This appeal by the Commonwealth of Pennsylvania, a creditor of the debtor's estate, concerns the denial by Bankruptcy Judge Schwartz of a claim it filed for sales taxes due the Commonwealth. This claim covers taxes due for a period prior to the debtor's bankruptcy filing. The Common-

wealth contends that the claim, filed nearly nine months after the bar date, is merely an amendment to a previous claim timely filed by the Commonwealth for the same type of taxes. Because it is an amendment and not a new and distinct claim, Judge Schwartz should have allowed it, and his denial of the claim constitutes an abuse of discretion by Judge Schwartz.

■ This court sits as an appellate court for the decisions of the Bankruptcy Court. Bankruptcy Rule 8013. As such, our role in the bankruptcy proceedings is limited. Findings of fact will not be set aside unless "clearly erroneous." *Id.* Matters and decisions within the discretion of the bankruptcy judge will not be disturbed unless we find that no reasonable man could agree with the decision. *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563 (7th Cir.1984). A brief recitation of the facts of the case is necessary to flesh out its chronological history in the Bankruptcy Court.

### Facts

The debtor, AM International, Inc. ("AMI"), on April 14, 1982 filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* The court set June 27, 1983 as the bar date for filing proofs of claim against the debtor. The Commonwealth of Pennsylvania ("Commonwealth") filed a claim on December 16, 1982 for $51,743.07 in unpaid sales and use taxes, including interest and other additions, which AMI had failed to pay for the period beginning February 1, 1982, just preceding the petition. This claim was later paid in full by AMI.

On August 2, 1983, the Commonwealth commenced an audit of AMI's sales and use tax records. When the audit was completed in November 1983 it was determined that AMI owed an additional $131,413.47 for unpaid and uncollected sales and use taxes for the time period January 1, 1980 through May 31, 1982. On December 31, 1983, an assessment notice was mailed to AMI setting out the additional amounts claimed due the Commonwealth for this period. At no time during this period, however, did the Commonwealth file any proof of claim for these taxes, nor request an extension of the bar date in order to file a timely claim.

The Commonwealth finally filed on April 23, 1984, a purported amendment to the original claim to include the amounts claimed due as discovered during the audit. The parties disagreed as to whether the April 1984 claim was indeed an amendment or was in fact an entirely new claim. Judge Schwartz found that the later claim bore little resemblance to the original and therefore disallowed it as untimely. The Commonwealth now appeals this decision, contending that the second claim is merely an amendment to the first claim. This court is in agreement with Judge Schwartz's reasoning and therefore affirms his decision.

### Discussion

■ Bankruptcy Rule 7015 expressly adopts Federal Rule of Civil Procedure 15 as the standard for deciding whether to permit an amendment to a proof of claim. *In Re Futuronics Corporation,* 23 B.R. 281, 283 (S.D.N.Y.1982). Fed.R.Civ.P. 15(a) states that leave to amend "shall be freely given when justice so requires." *Id.* See also *In Re Haskell,* 73 F.2d 879, 880 (7th Cir.1934). Nevertheless, the decision to grant or deny an amendment is within the bankruptcy judge's discretion. *In Re Lanman,* 24 B.R. 741, 743 (Bankr.N.D.Ill.1982); *Futuronics,* 23 B.R. at 283. On appeal, an abuse of this discretion will only be found where (1) the decision was based on an erroneous conclusion of law; (2) where the record contains no evidence on which the judge could have based his decision; or (3) where the supposed facts found are clearly erroneous as found. *Deitchman,* 740 F.2d at 563–64.

■ Amendments to proofs of claim filed after the bar date in bankruptcy cases are scrutinized closely to ensure that the amendment is genuine rather than an assertion of an entirely new claim. *In Re V.M. Corp.,* 23 B.R. 952, 954 (Bankr.W.D. Mich.1982). The Commonwealth's two

claims involve the same type of tax. Judge Schwartz noted, however, that claim number one concerned taxes already collected by AMI from its customers but not yet remitted to the Commonwealth. The second claim concerns not only the failure to remit sales taxes but also AMI's failure to collect these taxes on sales it apparently believed were exempt from sales tax altogether. The second claim also covers a time period before that at issue in the first claim. Judge Schwartz found that the differences between the two tax claims were significant enough to support a conclusion that the second was not an amendment but the assertion of a new claim.

 Judge Schwartz noted that merely because the taxes involved are of the same general type does not, in and of itself, support a finding that the second claim is an amendment to the first claim. Ordinarily, to be within the scope of a permissible amendment, the second claim should not only be of the same nature as the first but also reasonably within the amount to which the first claim provided notice. *In Re International Horizons, Inc.*, 751 F.2d 1213, 1217–18 (11th Cir.1985). *Cf. In the Matter of Diversified Brokers Company, Inc.*, 355 F.Supp. 76 (E.D.Miss.1973); *In Re ABC Welding Works, Inc.*, 68 F.Supp. 742 (S.D. N.Y.1946).

The Commonwealth's failure in its original filing to give any notice of the scope of what it would eventually claim distinguishes this case from *In Re Morgen Drug Co.*, 42 F.Supp. 345 (S.D.N.Y.1941). The *Morgen* court allowed an amendment, filed nine months after the bar date, to a claim for sales and business taxes due the City of New York. However, the original proof of claim in *Morgen* included language giving notice to the parties involved that the City intended to file an additional claim after later consideration of whether additional sales and business taxes were due. 42 F.Supp. at 346. No such language was included in the Commonwealth's original claim. Judge Schwartz carefully considered the two claims and found they were sufficiently dissimilar. This court finds that this conclusion is supported by the evidence and thus holds that this factual finding was not clearly erroneous.

 Even though the claims were found to be distinct from one another, Judge Schwartz could have allowed the second claim after considering the competing equities in the case. *See In Re Miss Glamour Coat Co.*, 80–2 U.S. Tax Cas. (CCH) ¶ 9737 (S.D.N.Y.1980). However, before this equitable power may be exercised the party seeking equity should be without fault as to a late-filed proof of claim. *Horizons*, 751 F.2d at 1218 (refusing to allow amendment to tax claim when IRS negligently failed to assert existence of claim for additional taxes before cutoff date); *In Re Seminole Backhoe Services, Inc.*, 33 B.R. 914, 918 (Bankr.N.D.Tex.1983). Where creditors have had no notice of the claim and have relied on its absence, the reason for the late claim tends to determine how the balance will tip. *Horizons*, 751 F.2d at 1218, *citing Glamour Coat.* Here, the Commonwealth offered no excuse for its failure to file the second claim within the time period set by the court or for its failure to request an extension of the bar date. Instead, it relied on the debtor's knowledge of and participation in the tax audit and receipt of a notice of assessment as a supposed substitution for a formal proof of claim.

 The procedural requirements in bankruptcy cases operate to protect all parties to the action. At no time before the bar date did the Commonwealth contact the court or the trustee regarding additional taxes that it might claim were due. Where there was no notice of the Commonwealth's intent to hold the estate liable for additional taxes, it might well have been an abuse of discretion of Judge Schwartz to allow the second claim. *See Horizons*, 751 F.2d at 1218–19; *Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462, 465 (7th Cir.1984); *Lanman*, 24 B.R. at 744. Accordingly, this court finds no abuse of discretion in his failure to allow amendment and affirms the Bankruptcy Court's decision.

**Conclusion**

The decision of the Bankruptcy Court is affirmed.