### In re PYRAMID BUILDING CO., Debtor.

### Bankruptcy No. B85–01080.

United States Bankruptcy Court, N.D. Ohio, E.D.

June 29, 1988.

David O. Simon of Benesch, Friedlander, Coplan and Aronoff, Cleveland, Ohio, for debtor.

Emily M. Sweeney, Asst. U.S. Atty., Cleveland, Ohio, for claimant.

### MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

This matter is before the Court on Debtor's objection to the claim of The Department of the Treasury, Internal Revenue

Service (IRS). Issue respecting Debtor's standing to prosecute this objection is waived. The parties stipulated to the following facts:—

"1. This Court has subject matter jurisdiction to determine the validity of the claim of the Internal Revenue Service and personal jurisdiction over the parties herein; and this action is subject to the Court's venue.

2. Debtor Pyramid Building filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 6, 1985.

3. Pursuant to the Order for Meeting of Creditors, September 9, 1985, was set as the last on which creditors could file proofs of claim.

4. Debtor's Schedules list the Internal Revenue Service as a priority creditor with a claim of $15,744.06 for withholding and FICA taxes for 1984 and 1985.

5. On June 12, 1985, the Internal Revenue Service filed a proof of claim in the amount of $2,417.06 for interest and penalties on withholding and FICA taxes for the fourth quarter of 1984; the interest on that claim of $333.83 was paid in August, 1987, pursuant to the Distribution Order of this Court.

6. On January 22, 1988, the Internal Revenue Service filed a proof of claim in the amount of $28,268.99 for withholding and FICA taxes for the fourth quarter of 1984 (interest and penalty to petition date only), the first quarter of 1985, and the second quarter of 1985; and for FUTA taxes for 1985.

7. On March 2, 1988, the Internal Revenue Service filed an amended and superseding claim, which deleted the interest to petition date on the withholding and FICA taxes for the second quarter of 1985 and the FUTA taxes for 1985 and which was in the amount of $26,061.03.

8. The withholding and FICA tax return for the first quarter of 1985 was due April 30, 1985, but was not filed by the debtor until December 5, 1985.

9. The withholding and FICA tax return for the second quarter of 1985 was due July 31, 1985, but was not filed by the debtor until February 3, 1986.

10. The FUTA return for 1985 was due January 31, 1986, and was timely filed by the debtor.

11. The withholding and FICA tax for the fourth quarter of 1984 was assessed prior to the petition date, on March 25, 1985.

12. The withholding and FICA taxes for the first and second quarter of 1985 and the FUTA taxes for 1985 were assessed after the petition date, on May 19, 1986, April 7, 1986, and January 11, 1988, respectively.

13. The FUTA tax due for 1985 results from an adjustment to the amount indicated on the return, which adjustment was assessed on January 11, 1988, after receiving information from the State of Ohio that unemployment tax payments were not made for the year in question.

14. The withholding and FICA tax due for the first quarter of 1985 results from an adjustment to the amount of deposits claimed on the return, which adjustment was assessed on May 19, 1986.

15. The withholding and FICA tax due for the second quarter results from the amount shown on the return for which no deposits were made and which was assessed April 7, 1986."

In addition to the stipulated facts, upon examining the claims in question the Court finds:

16. The proof of claim filed June 12, 1985 does not indicate intent to file amendments for additional taxes but does state, "Please contact our office to verify the amount of our claim prior to distribution."

Bankruptcy Rule 3002(c), in effect on the relevant dates, required proofs of claim in Chapter 7 cases to be filed within 90 days after the first date set for the meeting of creditors. Upon motion filed before the time expired, the United States could seek extension of the bar date. Bankr.R. 3002(c)(1). The issue to be resolved is whether the late filed claims can be deemed amendments to the timely filed claim. Debtor's objection to the late filings is two-

fold. First, the January 22, 1988 claim is not designated an amendment and is, therefore, an untimely new claim. Following this reasoning, the March 2, 1988 amendment is a nullity. Secondly, the amendments are untimely and inappropriate.

■ Amendment to proofs of claim is freely permitted to cure defects in a filed claim, to describe a claim with greater particularity or to plead a new theory of recovery on the facts of the original claim. *United States v. International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985); *First National Bank of Mobile v. Everhart* (In re Commonwealth Corp.), 617 F.2d 415 (5th Cir.1980): *Szatkowski v. Meade Tool and Die Co.*, 164 F.2d 228 (6th Cir.1947). Amendment is not permitted as a guise for filing untimely claims. *International Horizons; Commonwealth.* Principles of equity guide this determination to ensure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939). Balancing the equities is a necessary determinant of the propriety of amendment. *In re Gibraltor Amusements, Ltd.*, 315 F.2d 210 (2nd Cir.1963); *International Horizons, Inc.* An equitable factor analysis is set forth in *In re Miss Glamour Coat Co.*, 80–2 U.S.T.C. 9737 (S.D.N.Y. Oct. 8, 1980) as follows: (1) whether the debtor and creditors relied on the earlier proof of claim or had reason to know that subsequent proofs of claim would be filed pending completion of an audit; (2) whether other creditors will receive a windfall by the courts refusing to allow amendment; (3) whether the Service intentionally or negligently delayed in filing its proof of claim; (4) the justification for the Service's failure to request extension of the bar date; and (5) whether equity requires consideration of any other factors.

■ The January 22, 1988 claim, though not designated an amendment, may be so treated if the characterization is appropriate. A contrary result would clearly elevate form over substance and violate equitable considerations controlling amendments.

Debtor does not dispute the January 22, 1988 claim is for taxes of the same kind asserted in the timely filed claim, although the initial claim does not indicate subsequent filings were contemplated. Debtor's dispute is the equitable balance as it relates to assertion of this claim. Consideration of equities on the facts presented clearly precludes amendment.

■ The amendments fail under the *Miss Glamour Coat* analysis. The original claim did not indicate subsequent claims would be filed. In reality, it appears to manifest intent not to amend prior to distribution. Examination of the facts reflects IRS was negligent in asserting the amendments. The January 22, 1988 claim is for 1985 taxes. Returns for a portion of these taxes were overdue prior to the claims bar date. All relevant returns were filed by February 1986, and IRS made assessments for portions of these taxes in April and May of 1986. Failure to request extension of the bar date, and filing the January 1988 claim more than twenty-two months from Debtor's filing returns and nineteen months from assessments is patently negligent. This characterization is supported by the notation on the original claim indicating IRS was aware its claim was subject to revision. IRS justifies its actions by noting Debtor's delay in filing the returns and having notice of the claims. These arguments are spurious. Debtor's failure to file returns prior to the bar date would have warranted an extension. Moreover, IRS delayed more than twenty-two months after the returns were filed to revise its claim. Further, Debtor's notice of the claim does not justify this delay. Finally, this Court's order of distribution and payment thereof on the IRS claim was prior to the proposed amendments. Considering the circumstances herein, to allow amendment of the claim after distribution would be highly inequitable. The claims filed on January 22, 1988 and March 2, 1988 are, therefore, disallowed as untimely claims.

IT IS SO ORDERED.