**In re CANDY BRAZ, INC., Debtor.**

**Bankruptcy No. 85 B 00724.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 9, 1988.

See also, Bkrtcy., 98 B.R. 370.

William D. Kelly, Chicago, Ill., for debtor.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 incorporated by Federal Rule of Bankruptcy Procedure 7056 filed by Bernard Chaitman (the "Trustee") as trustee for the estate of Candy Braz, Inc. ("Candy Braz") on an objection to the allowance of a claim filed by the Illinois Department of Revenue (the "Department") on behalf of the State of Illinois and on a cross motion for summary judgment filed by the Department. For the reasons set forth herein, the Court having considered all the pleadings and exhibits filed does hereby deny the Trustee's motion for summary judgment and overrules the objection to the allowance of the Department's claim. The Court does hereby grant the Department's cross motion for summary judgment and allows the amended claim in the amount of $151,492.20 as a priority claim.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these motions pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. These motions constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (O).

## II. STANDARD FOR SUMMARY JUDGMENT

The Trustee has moved for summary judgment with regard to the Department's claim. The Department has responded with a cross motion for summary judgment. Both parties have submitted memoranda in support of their respective motions and have agreed that the matter is ripe for determination on the motions for summary judgment.

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made

applicable to adversary proceedings in the Bankruptcy Court by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Hossman v. Spradlin,* 812 F.2d 1019, 1020 (7th Cir.1987).

The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when no genuine issue of material fact is in dispute. *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 378 (7th Cir.1987). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585–586, 106 S.Ct. 1348, 1355–1356, 89 L.Ed.2d 538 (1986). Moreover, all reasonable inferences to be drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Marine Bank, Nat. Ass'n v. Meat Counter, Inc.,* 826 F.2d 1577, 1579 (7th Cir.1987); *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987); *Bartman v. Allis–Chalmers Corp.,* 799 F.2d 311, 312 (7th Cir.1986), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1304, 94 L.Ed.2d 160 (1987). Furthermore, the existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under the applicable law. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.1983) (en banc), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). On cross motions for summary judgment, the Court must rule on each party's motion individually, denying both motions if a genuine issue of material fact exists. *ITT Indus. Credit Co. v. D.S. America, Inc,* 674 F.Supp. 1330, 1331 (N.D. Ill.1987); *Wausau Ins. Co. v. Valspar Corp.,* 594 F.Supp. 269, 270 (N.D.Ill.1984).

Rule 12(e) of the General Rules of the United States District Court for the Northern District of Illinois adopted by General Order of the Bankruptcy Court dated May 6, 1986, requires that the party moving for summary judgment file a detailed statement of material facts as to which they contend there is no genuine issue. Rule 12(f) requires that the party opposing the motion file a statement of material facts as to which there is a genuine issue. If the nonmoving party's Rule 12(f) statement fails to deny the facts set forth in the movant's statement, those facts will be "deemed admitted." In support of the motions, each party has filed a detailed Rule 12(e) statement. Neither party has filed a Rule 12(f) statement. Thus, the facts stated in the respective Rule 12(e) statements are deemed admitted for purposes of that motion. The material facts do not appear to be disputed. Therefore, the Court will rule on each motion.

## III. FACTS AND BACKGROUND

On January 17, 1985, Candy Braz filed a Chapter 11 petition for relief under the Bankruptcy Code (the "Code"). Subsequently, on January 18, 1985, Bernard Chaitman was appointed Trustee. The case has proceeded as a liquidation of Candy Braz's assets.

On May 14, 1985, Candy Braz filed its schedule of liabilities which indicated that $177,000.00 was owed to the State of Illinois for unspecified taxes. The amount was not listed as disputed, contingent or unliquidated. The schedule of liabilities filed was signed by "R. Harasymiw att'y", an attorney on behalf of Candy Braz. On June 27, 1985, the Trustee filed motions requesting that a bar date be set for filing proofs of claim or interest and seeking a order compelling Candy Braz to comply with Section 521(1) of the Code. In addition, the Trustee moved for an order regarding the filing of fully completed sched-

ules as the originals were apparently incomplete.

Accordingly, pursuant to an Order of this Court dated June 27, 1985, a bar date for filing proofs of claim was fixed at August 22, 1985.[1] In addition, the June 27, 1985 Order designated Sean Saleh ("Saleh") to act on behalf of Candy Braz pursuant to Bankruptcy Rule 9001(5). Moreover, pursuant to sections 105(a) and 521(1), Candy Braz, by Saleh, was ordered to immediately file fully completed Schedules, Statement of Affairs, and Statement of Executory Contracts. Saleh, however, did not file properly executed schedules. The Department did not receive notice of the Order designating Saleh to act on behalf of Candy Braz and compelling him to sign schedules.

The Trustee published and the Clerk of the Bankruptcy Court sent notice of the bar date to all creditors including the Department. Thereafter, on September 9, 1985, the Department filed a claim for unpaid cigarette stamp taxes for the period June 1984 through January 1985 in the amount of $3,510.60. Such taxes were assessed against Candy Braz pursuant to Ill. Rev.Stat. ch. 120, para. 453.1 (1984) *et. seq.* On May 4, 1987, the Trustee filed an objection to the allowance of the claim of the Department. In the objection, the Trustee asserts that the claim was untimely and that the schedules were unsigned but listed the Department's claim in the amount of $177,000.00.

Subsequently, on May 8, 1987, the Department filed an amended claim for the same period in the amount of $151,492.20. The increase in the amount was based on NSF checks tendered by Candy Braz in payment of cigarette tax stamps. The Trustee also contends that the amended claim is in essence a new claim and is time barred.

On May 26, 1987, the Department filed an answer to the Trustee's objection to the claim. In its answer to the Trustee's objection, the Department contends that pursuant to the section 341 notice of the first meeting of creditors, the automatic stay and section 1111(a), it was not required to file a proof of claim. The section 341 notice stated in part, "Any creditor holding a listed claim which is not listed as disputed, contingent or unliquidated as to amount, may, but need not, file a proof of claim in this case." The Department further states that it was entitled to rely on the filed schedules under Bankruptcy Rule 3003(b)(1) which admitted a greater tax liability owed the State of Illinois than the amount claimed due in the Department's amended claim.

## IV. DISCUSSION

■ The Trustee first asserts that the schedules filed were null and void due to the fact that they were signed by "R. Harasymiw, att'y", an attorney for Candy Braz who was not a corporate officer, director, shareholder or person in control of the debtor for purposes of Bankruptcy Rule 9001(5). The Trustee concludes that the Department's claim was therefore never properly scheduled and its claim filed after the bar date is untimely. The Court, however, is unwilling to make such a determination. The fact that the schedules were not signed by an officer, director or shareholder of Candy Braz does not obviate the fact that they were filed and listed a substantial amount of taxes owed the State of Illinois. Sections 501, 521(1), and 1111(a), Bankruptcy Rule 3003(b)(1) and the bar date notice sent to the creditors on June 27, 1985, did not require the Department to file a proof of claim. The Trustee's mere assertion that the filed schedules were null and void does not obviate these facts, nor does Bankruptcy Rule 9001(5) mandate the result argued by the Trustee.

Only certain claimants are required to file proofs of claim or interest in a chapter 11 reorganization case. Section 1111(a) provides that "[a] proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1)

---

1. The Honorable Frederick J. Hertz was originally assigned the case when it was filed in 1985. The Honorable Erwin I. Katz was assigned the case upon Judge Hertz leaving the bench. Thereafter, the case was reassigned to this Judge on February 2, 1988.

or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." 11 U.S.C. § 1111(a). The legislative history of this section states:

> This section dispenses with the need for every creditor and equity security holder to file a proof of claim or interest in a reorganization case. Usually the debtor's schedules are accurate enough that they will suffice to determine the claims or interests allowable in the case. Thus, the section specifies that any claim or interest included on the debtor's schedules is deemed filed under section 501. This does not apply to claims or interests that are scheduled as disputed, contingent, or unliquidated.

HR Rep. No. 95–595, 95th Cong., 1st Sess. 405 (1977); S Rep. No. 95–989, 95th Cong., 2d Sess. 117 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5903, 6361.

Bankruptcy Rule 3003(b)(1) which applies to chapter 11 cases, in turn, provides in relevant part:

> The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.

Fed.R.Bankr.P. 3003(b)(1).

Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent or unliquidated must timely file a proof of claim in order to be treated as a creditor for purposes of voting and distribution. Because the debt owed by Candy Braz in the only schedules that were filed was not listed as disputed, contingent or unliquidated, the Department was not required to file a proof of claim under section 1111(a). This result obtains even though the schedules may have been inaccurate or incomplete and Saleh failed to comply with the June 27, 1985 Order and file properly executed, completed and accurate schedules.

■ The Trustee takes the position that the Department's claim should not be allowed pursuant to section 1111(a) because the Department has failed to prove that it actually relied on the schedules which listed its $177,000.00 claim. The Court finds this argument disingenuous. Section 1111(a) does not require a creditor to rely on the filed schedules in order for its claim to be deemed allowed. As the legislative history of section 1111(a) clearly indicates, it was implemented so as to "dispense with the need for every creditor and equity security holder to file a proof of claim or interest in a reorganization case."

It therefore follows that if the Department was not required to file a proof of claim, the filing of one after the bar date under the notice given could not be considered untimely. Moreover, the Court finds that because the Department's claim is deemed allowed pursuant to section 1111(a), the subsequent filed claim as amended should also be allowed. This Court is a court of equity. 28 U.S.C. § 1481. It would be inequitable to find that the Department's claim was untimely especially in light of the fact that Candy Braz listed a larger undisputed tax debt owed than that ultimately claimed by the Department. Bankruptcy Rule 3003(c)(4) provides that a claim filed in a chapter 11 case supercedes any scheduling of a claim deemed allowed under section 1111(a) pursuant to section 521(1).

Moreover, and of critical importance, the Court finds that the notice of the bar date sent to the creditors is itself convoluted and did not require all claimants to file claims before the bar date. Further, the notice did not state that the schedules were unreliable and that therefore *all* claimants were required to file proofs of claim. The notice of the bar date provides in relevant part:

> Holders of proofs of claims or interests which are not timely filed pursuant to this notice and the court's order shall not be eligible to either vote on a chapter 11 plan or receive any distribution thereunder, on account of such claims or interests, *unless such claim or interest is*

*otherwise allowed under applicable law.* (emphasis added).

The emphasized portion of the notice conveys the impression that under the law some claims would be allowed without the filing of a proof of claim or interest. This is exactly the result contemplated by section 1111(a). The notice used in this case would lead claimants whose claims were not scheduled as disputed, contingent, or unliquidated to reasonably conclude that they need not file proofs of claim as their claims would be deemed allowed under section 1111(a). The notice given in the instant case unlike other notices given in other cases, does not absolutely require *all* claimants to file prior to the bar date. The notice is therefore unclear and not absolute.

■ Even if the Department was required to file a proof of claim, had the notice so required, Bankruptcy Rule 3003(c) does not purport to be a statute of limitations which leaves a court with no discretion to allow late filed claims. *In re American Skate Corp.,* 39 B.R. 953, 954 (Bankr. D.N.H.1984). Bankruptcy Rule 3003(c) provides that the court "for cause shown may extend the time within which proofs of claim or interest may be filed." Fed.R. Bankr.P. 3003(c); *see also In re Lester Witte & Co.,* 52 B.R. 436, 437 (Bankr.N.D. Ill.1984). The *Witte* court enumerated several factors to consider in determining whether to allow late filings: 1) the debtor's knowledge of the claim; 2) the lack of prejudice to the debtor or the estate; 3) an early stage in the bankruptcy proceedings; and 4) the good faith of the creditor. 52 B.R. 436 at 438.

In the case at bar, Candy Braz knew of and admitted the claim as shown by the scheduling of the debt on the schedules. The defunct corporate debtor and its estate are not prejudiced by the allowance of the Department's claim which has not been alleged to have been filed in bad faith. Therefore, the Court finds that even if the Department was required to file a proof of claim, at least three of the four factors in *Witte* are present and Bankruptcy Rule 3003(c) would permit allowance of the instant amended claim based on the facts and circumstances of this case.

The Court finds that disallowance of the claim, on the other hand, under these facts and circumstances, would certainly prejudice the Department even though its amended claim was filed approximately sixteen months after its original claim. The other cases cited by the Trustee are distinguishable from the facts of the case at bar and are not controlling on the equitable result mandated by the applicable sections of the Code and Bankruptcy Rules.

■ The Trustee further claims that the Department's amended claim filed after the bar date constitutes a new claim and thus should not be allowed. The Court notes that the schedules, in listing the $177,000.00 tax, did not specifically list the type of tax owed to the Department. Both claims filed by the Department related to Candy Braz's liability for unpaid cigarette taxes for the same fiscal period. Only the amounts are substantially different.

■ The decision to allow an amendment is within the sound discretion of the court. *In re Lanman,* 24 B.R. 741, 743 (Bankr.N.D.Ill.1982). An amendment may be filed after the bar date if it amends a timely claim and does not introduce a distinctly new and different claim. *In re Ebeling,* 123 F.2d 520, 521 (7th Cir.1941); *In re Rothert,* 61 F.2d 1, 2 (7th Cir.1932). Amendments to proofs of claim are permitted to cure the defects in a claim already filed, to describe a claim with greater particularity or to plead a new theory of recovery on the facts of the original claim. *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985); *In re Pyramid Bldg. Co.,* 87 B.R. 38, 40 (Bankr.N.D.Ohio 1988).

■ Amendments to claims are closely scrutinized to ensure that the amendment is genuine rather than an assertion of an entirely new claim. *In re AM International, Inc.* 67 B.R. 79, 81 (N.D.Ill.1986); *In re International Horizons, Inc.,* 751 F.2d at 1216; *In re Mitchell,* 82 B.R. 583, 585 (W.D.Ok.1988); *In re Computer Devices, Inc.,* 51 B.R. 471, 477 (Bankr.D.Mass.1985);

*In re V–M Corp.*, 23 B.R. 952, 954 (Bankr. W.D.Mich.1982). The court is guided by principles of equity to ensure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939).

The Court notes that there are two lines of analysis in determining whether to allow an amendment to a proof of claim. Under the traditional analysis the test is whether the amended claim arose out of the same transaction or occurrence set forth in the original timely filed claim. *See, In re AM International, Inc.* 67 B.R. at 82; *In re Hunt*, 59 B.R. 718 (Bankr.D.Me.1986); and *In re Overly–Hautz Co.*, 57 B.R. 932, 936 (Bankr.N.D.Ohio 1986).

Applying the traditional approach to the case at bar, it is quite clear that the $151,-492.20 amended claim is for the same type of taxes for the same fiscal period listed on the original claim for $3,510.60. Both are based on unpaid cigarette stamp taxes. The substantial difference in the amounts claimed are attributable to Candy Braz's NSF checks and require close scrutiny under *In re AM International, Inc.*, 67 B.R. at 82. That case, however, did not involve the bar date notice problems present in this case.

The second approach to determining whether an amendment to a claim should be allowed was espoused in *In re Miss Glamour Coat Co.*, 80–2 U.S.T.C. ¶ 9737 (S.D.N.Y.1980), where the court set forth a "balancing of the equities test." The following factors must be considered: (1) whether the debtor and the creditors relied on the earlier proofs of claim or had reason to know that subsequent proofs of claim would be filed; (2) whether other creditors would receive a windfall if the court refused to allow the amendment; (3) whether the creditor intentionally or negligently delayed in filing the proof of claim; (4) the justification for the failure of the creditor to seek an extension of the bar date; and (5) whether equity requires consideration of other facts and circumstances. *See also In re Pyramid Bldg. Co.*, 87 B.R. at 40.

In applying the *Glamour Coat* balancing test, the Court concludes the equities favor allowance of the amended claim. There is no showing that either Candy Braz or its creditors relied on the Department's original proof of claim. Section 1111(a) would deem the Department's claim allowed in the amount of $177,000.00 had no claim been filed at all. Disallowance of either claim of the Department would result in some benefit to other creditors. There is no clear showing of whether the Department's delays in filing both the original and amended claims was either intentional or the result of negligence. On the contrary, under the form of the bar date notice, the Department was never required to file any claim nor seek an extension of the bar date. The Court concludes that it would be inequitable to disallow the Department's claims filed in lesser amounts than that scheduled by Candy Braz. The result argued by the Trustee would constitute an abuse of the discretion afforded the court. The cases cited by the Trustee on this particular point are all distinguishable. Unlike the instant case, many of the cases involved amendments to claims by which the claimant was seeking to recover other types of taxes for different fiscal periods than those referenced in the original claim.

Accordingly, the Court finds that the Department's amended claim involves the same type of unpaid tax claimed due for the same fiscal period as the original claim and does not constitute a new claim. The amended claim effectively increases the amount sought but does not introduce a distinctly new and different claim for a different fiscal period or for a different tax. Thus, the Trustee's argument that the amended claim amounts to a new claim is without merit.

## V.  CONCLUSION

For the foregoing reasons, the Court hereby denies the Trustee's motion for summary judgment and overrules the objection to the allowance of the Department's claim. The Court does hereby

grant the Department's cross motion for summary judgment and allows the claim in the amount of $151,492.20 as a priority claim.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.