**In re Charles I. CALISOFF, Debtor.**

**Bankruptcy No. 87 B 01192.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 20, 1988.

Victoria Crosley, for IRS.

Melvyn H. Berks, Des Plaines, Ill., and William E. Lane, Wilmette, Ill., for creditors.

Joseph D'Amico, for trustee.

Arthur Gold, Chicago, Ill., for debtor.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

In this case under Chapter 7 of the Bankruptcy Code, the last date for filing proofs of claim pursuant to Bankruptcy Rule 3002(c) was June 24, 1987.[1] The Internal Revenue Service timely filed a proof of claim for 1984 and 1985 individual income taxes, but then filed a supplemental proof of claim for 1986 taxes after the bar date. The trustee and creditors of the Debtor object to the supplemental claim on the sole ground that it is untimely. The IRS contends that the supplemental claim is a permissible amendment to its timely claim. The Court will overrule the objections and allow the supplemental claim to stand as an amendment to the original IRS proof of claim.

## FACTS:

The IRS' original proof of claim is for $3,935.62 in penalties and $4,603.75 in interest for 1984 income taxes, and 1985 income taxes in the principal amount of $5,060.00, $657.50 in penalties and $442.19 in interest.

The Debtor filed his individual income tax return for the 1986 tax year on October 13, 1987, after the June 24, 1987 deadline for filing proofs of claim under Bankruptcy Rule 3002(c), but before the extended due date for that return under tax law. On February 8, 1988, the IRS filed its "supplement" to its first claim. This supplemental claim was for 1986 individual income taxes "to be assessed" at $12,521.00.

Sherry Calisoff and Melvin Berks, creditors of the Debtor, first objected to the IRS' supplemental claim on June 9, 1988 pursuant to Section 502(a) of the Code and Bankruptcy Rule 3007 on the ground that there was no documentation to support the validity of the claim. On August 4, 1988, the same creditors filed an amended objection to the supplemental claim on the ground that it is a wholly new claim that should be disallowed as untimely. The creditors' objection to the supplemental claim has been adopted by the Chapter 7 Trustee.

## DISCUSSION:

Proofs of claims filed after the bar date are not allowed. *In re Ebeling*, 123 F.2d 520 (7th Cir.1941); *In re Rothert*, 61 F.2d 1 (7th Cir.1932). However, "[t]he decision to allow an amendment [to a timely filed claim] is within the generally sound discretion of the Court." *In re Candy Braz*, 1988 Bankr. LEXIS 1740, 15. Amendments to timely filed claims are liberally allowed to modify information or correct omissions in the original claim. *See, In re Hanscom Retail Foods*, 96 B.R. 33 (Bankr.E.D.Pa. 1988); *In re International Horizons*, 751 F.2d 1213, 1216 (11th Cir.1985). Amendments to proofs of claim are also permitted if "the original claim provided notice to the Court of the existence, nature and amount of the claim and that it was the creditors' intent to hold the estate liable." *International Horizons*, 751 F.2d at 1217.

Courts that have decided issues similar to those presented in the case at bar have

1. Bankruptcy Rule 3002(c) provides:
 Time for Filing. In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:
 (1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.
 The first date set for the § 341 meeting was March 24, 1987. The deadline for filing proofs of claim was ninety days later, on June 24, 1987. The IRS did not seek an extension of time under subsection (1) of Rule 3002(c).

pursued various courses. *See, Candy Braz*, 1988 Bankr. LEXIS 1740, 16. Some courts have applied principles developed under Federal Rule of Civil Procedure 15 to determine whether the untimely claim arose out of the same transaction or occurrence as the timely claim. *See, In re AM International, Inc.*, 67 B.R. 79 (N.D.Ill.1986).[2] A second line of cases initiated by *In re Miss Glamour Co.*, 80–2 U.S.T.C. ¶ 9737 (S.D.N.Y.1980) [1980 WL 1668], supports the use of a "balancing of equities" test.[3] A third line of cases attempted to integrate the transaction or occurrence test and the *Miss Glamour Coat* test. *See, In re The Overly–Hautz Co.*, 57 B.R. 932 (Bankr.N.D.Oh.1986).

 In this Court's view a more straightforward analysis would allow an untimely claim as an amendment to a timely claim if the policy goals served by barring late claims would not be defeated by allowing the alleged amendment. Upon closer analysis, most of the authorities seem to follow this approach and focus on four general issues: 1) whether allowance of the proposed amendment would delay or complicate the administration of the case; 2) whether the claimant was diligent; 3) whether the parties would be prejudiced if the amendment were allowed; and 4) whether the subject matter of the proposed amendment is sufficiently similar to the original claim so that the parties were put on notice that the claimant intended to hold the estate liable for the type of liabilities described in the proposed amendment.

Much of the discussion in the decisions is about the fourth factor—the similarity of subject matter. It is clear that an attempt to add a claim for a tax different than the tax specified in the original claim will not be allowed. *See, In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985) (claim for corporate income taxes not allowed as amendment to claim for withholding and employment taxes); *In re Simms*, 40 B.R. 186, 190 (Bankr.N.D.Ga.1984) (claim for penalty for non-payment of withholding and employment taxes not allowed as amendment to claim for individual income taxes).[4] The difficulty has arisen in cases like this one, where the taxing authority seeks to add a claim for the same type of tax but for a different time period.

2. The district judge stated that "Bankruptcy Rule 7015 expressly adopts Federal Rule of Civil Procedure 15 as the standard for deciding whether to permit an amendment to a proof of claim." *AM International*, 67 B.R. at 81, *citing, In re Futuronics Corp.*, 23 B.R. 281, 283 (S.D.N.Y.1982). That is not correct. In fact, Bankruptcy Rule 7015 merely applies Federal Rule of Civil Procedure 15 to adversary proceedings as defined in Bankruptcy Rule 7001. An objection to a claim does not give rise to an adversary proceeding (unless the objection seeks relief other than disallowance of the claim), but to a contested matter. *See,* Bankr.R. 3007 and 9014, and Advisory Committee Notes to both rules. Rule 7015 is not applicable to contested matters unless the Court orders otherwise. Bankr.R. 9014. Moreover, until an objection is filed, a proof of claim does not even constitute a contested matter, nor does it require any judicial action. Rather, it is "deemed allowed" until an objection is filed. 11 U.S.C. § 502(a). It is the objection that creates the contest, not the proof of claim. Consequently, Rule 15 does not control amendments to proofs of claims, especially where, as here, no objection was filed to the original proof of claim. Of course, Rule 15 principles may aid analysis by way of analogy, where appropriate.

3. The *Miss Glamour Coat* court suggested that five factors be considered. First, whether the parties relied on the original proof of claim or whether they had reason to know that the IRS would file additional proofs of claim. Second, whether the non-objecting creditors would receive a windfall if the claim was disallowed. Third, whether the IRS was intentionally or negligently dilatory in filing its claim. Fourth, the IRS' reasons for not requesting an extension for filing claims. Fifth, any other considerations. 80–2 U.S.T.C. ¶ 9737 (S.D.N.Y.1980). *See also, In re Pyramid Bldg. Co.*, 87 B.R. 38, 40 (Bankr.N.D.Oh.1988). One Court that refused to apply the five *Glamour Coat* factors did so because, "These factors seem subsumed by the more general themes such as prejudice, delay and bad faith." *In re Hanscom*, —— B.R. —— (Bankr.E.D.Pa.1988). This Court agrees.

4. In *Simms*, the court did allow a late claim for income taxes as an amendment to the timely claim for income taxes for different years. The court's principal reason for allowing one late claim but not the other was that the timely claim gave notice that the IRS intended to seek payment of income taxes, but gave no notice of an intent to seek other types of taxes. The court also considered factors going to the creditor's diligence and prejudice to other parties. 40 B.R. at 190.

Although there is a difference among the cases as to the application of the fourth consideration—with some courts treating attempts to add claims for other tax years as proper while other courts reject such attempts as "new claims"—the different outcomes are often explained by the first three factors (hindrance of case administration, diligence of the claimant and prejudice to the parties).

Three cases illustrate this analysis. In *In re AM International, Inc.*, 67 B.R. 79 (N.D.Ill.1986), the district court affirmed the bankruptcy court's denial of a claim by the Commonwealth of Pennsylvania for 1980 and 1981 sales and use taxes filed after the bar date set for filing claims. The Commonwealth had previously filed a timely claim for 1982 sales and use taxes. The first claim was for sales taxes the debtor had collected from its customers but failed to remit to the Commonwealth, but the second claim was for sales taxes the debtor failed to collect from its customers. The court held that "merely because the taxes involved are of the same general type does not, in and of itself, support a claim that the second claim is an amendment to the first claim." 67 B.R. at 82.

The court relied upon factors in addition to the differences between the claims. The court found that the Commonwealth had no valid excuse for its failure to file its second proof of claim on a timely basis. Instead, the Commonwealth relied on the debtor's participation in an audit and its notice of tax assessment as a substitute for filing a timely proof of claim. In addition, the debtor in *AM International* was attempting to reorganize under Chapter 11. The bar date had been set by Order of the Court. Although the district court's opinion does not say why the bankruptcy court entered the bar Order, such orders are often entered to facilitate the administration of Chapter 11 cases. They enable the debtor and creditors to know with some certainty the amounts and priorities of the claim with which they must deal in the negotiation and proposal of a plan. Allowance of the late claim by the Commonwealth might have delayed the reorganization process and prejudiced the parties who relied on the timely filed claims in negotiating, proposing and voting on a plan of reorganization. The court did say that the equities favor creditors who had no notice of the second claim and relied on its absence. 67 B.R. at 82.

In *U.S. v. Owens*, 84 B.R. 361 (E.D.Pa. 1988), the IRS filed a timely claim for 1983 income taxes. Two months after the bar date had passed and three years after the original due date, the debtor filed his 1981 income tax return. Six months after the bar date had passed, the IRS filed a late proof of claim for 1981 and additional 1983 income taxes. The court upheld the 1983 portion of the second proof of claim and disallowed the 1981 portion. 84 B.R. at 363.

The disallowed portion of the IRS' second claim in *Owens* was for 1981 income taxes that were originally due pre-petition. Although the debtor's 1981 tax return was not filed until after the bar date for filing claims had passed, the IRS had sent a notice of deficiency for 1981 taxes to the debtor prior to the bar date. The IRS therefore had a basis for either filing a claim for 1981 taxes or requesting an extension of time under Bankruptcy Rule 3002(c)(1), since it knew of the 1981 delinquency in time to do either. The IRS did neither, and that lack of diligence was an important reason for the decision in *Owens*.

Finally, *In re Hanscom Retail Foods, Inc.*, 96 B.R. 33 (Bankr.E.D.Pa.1988), allowed an untimely filed proof of claim for FICA and withholding taxes as an amendment to a timely filed claim for the same type of taxes in a different tax period. There, the court stated;

> [A]n attempt by the IRS to add additional quarters or even additional years is usually not considered a new claim. [Citations omitted.] Since the purpose of a proof of claim is for the creditor to put the estate on notice of its demand against the estate and its intention to hold the estate liable [citation omitted], this purpose is met so long as the nature of the claim is clearly and timely announced.

Other parties suffered no prejudice because there had been no plan confirmation or distribution to the creditors. The IRS was not responsible for the delay because the debtor had filed its tax returns late. In conclusion, the court stated;

> [W]here the amendment concerns postpetition taxes (or taxes for which returns were first due post-petition) *compare In re Owens* (pre-petition taxes with a pre-petition notice of deficiency), was made prior to confirmation of a plan or distribution of payments to creditors [citations omitted], and concerns the same type of tax raised by a timely proof, it is appropriate to permit the IRS to amend its proof of claim.

The court in *Hanscom Retail Foods*, then, took an approach very similar to the one suggested above, and, indeed, of all the cases cited by the parties, *Hanscom Retail Foods* is the closest on its facts to this one. Applying the pertinent factors to this case, the IRS' supplemental claim should be allowed as an amendment to the timely filed claim. Both claims are for individual income taxes and related penalties and interest. This is a Chapter 7 case; the Debtor and creditors therefore did not rely on the original proof of claim in proposing a plan of reorganization. No distributions to creditors have yet been made. Consequently, the creditors are not prejudiced by the allowance of the IRS' supplemental proof of claim, nor is administration of the case delayed or complicated.[5]

In addition, the IRS has been sufficiently diligent in presenting this claim. The Debtor's 1986 tax return was first due post-petition. It was filed on October 13, 1987, which was before the extended due date for that return. The IRS therefore had no basis to determine whether there was a deficiency for the 1986 tax year and had no reason to request an extension of the bar date under Bankruptcy Rule 3002(c)(1). Mrs. Calisoff, Mr. Berks and the Court also had some notice of the IRS' second claim because the Debtor's sched-

ules listed a $29,000 debt to the IRS. This amount is substantially equivalent to the total claims eventually filed by the IRS.

The IRS' supplemental claim will therefore be allowed as an amendment to its timely file proof of claim.

An Order will be entered accordingly.

---

5. The objecting creditors contend that if the supplemental claim is allowed they will be prejudiced because there will be less money for eventual distribution from the estate. This obvious fact has no bearing on the issues at bar. All allowed claims reduce the recovery for other creditors. That is not prejudice that results from the lateness of the claim.