**In the Matter of John D. CARR, Debtor.**

**Bankruptcy No. BK86–03599.**

United States Bankruptcy Court,
D. Nebraska.

July 1, 1991.

W. Eric Wood, Omaha, Neb., for debtors.

Susan L. Knight, Lincoln, Neb., for U.S.

Kathleen Laughlin, Omaha, Neb., Chapter 13 Trustee.

Patricia Dugan, Omaha, Neb., Asst. U.S. Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

The issue before the court concerns the problem created when an amended proof of claim is filed after the court has allowed the original proof of claim and confirmed the Chapter 13 plan. The specific issue is whether an amended proof of claim filed by the Internal Revenue Service ("IRS") should be allowed without the IRS or the Chapter 13 trustee having taken some action to cause the court to formally allow the claim as amended. I conclude that the amended proof of claim is not automatically allowed and that debtor, who has completed payments under the plan, is entitled to discharge of the IRS claim provided for in the confirmed plan.

The facts are not disputed.

1. This chapter 13 bankruptcy case was filed on December 18, 1986.

2. Debtor filed his original Chapter 13 plan on January 20, 1987.

3. On March 19, 1987, the IRS filed a proof of claim for $1,283.28, which included an unliquidated estimated claim for 1985 taxes in the amount of $621.50.

4. Between March, 1987 and September, 1988 debtor filed his 1985 income tax return.

5. On April 10, 1987, debtor's Chapter 13 plan was confirmed and it provided for the IRS claim of $1,283.28, which included 1985 taxes.

6. On July 24, 1987, the Chapter 13 trustee filed a motion to allow claims in accordance with Nebraska Local Bankruptcy Rule 27. The motion was sustained and became final on August 24, 1987. The IRS claim was allowed as filed.

7. On October 3, 1988 the IRS filed an amended proof of claim for a total of $2,478.66, of which $2,006.00 principal and $130.40 in interest was attributable to 1985 taxes.

8. In April, 1990, the debtor completed all payments provided for under the confirmed plan.

9. On January 19, 1991, the instant Trustee's Motion to Reconcile Plan was filed.

## DISCUSSION

The Trustee and IRS assert that the debtor should be required to pay the full amount set forth in the IRS's amended proof of claim and that the debtor is not entitled to discharge of the IRS claim as amended. The debtor asserts that the Chapter 13 plan was duly confirmed, that the plan specifically provided for payment of the IRS claim, that payments have been completed under the plan, that as a matter of law, under 11 U.S.C. § 1329(a), the debtor may not now be required to amend its plan and that, therefore, the debtor is entitled to discharge under 11 U.S.C. § 1328.

Nebraska Local Bankruptcy Rule 27 sets forth the procedures to be followed in the allowance and disallowance of claims. The claim of the IRS was allowed by court order in the amount of $1,283.28, which was the amount stated in the original proof of claim.

On the facts of this case, I conclude that the amended proof of claim is not automatically "allowed". The original proof of claim filed by the IRS was allowed by court order on July 24, 1987. The claim was properly provided for in the confirmed plan, and the claim was paid pursuant to the plan. Given those facts, it follows that the IRS claim is dischargeable. I conclude that the amended proof of claim really had no effect. Bankruptcy Rule 3008 specifically permits a party in interest to move

for reconsideration of an order allowing or disallowing a claim against the estate. Had the IRS or the Chapter 13 trustee made a motion for reconsideration of the IRS claim, the matter would have been adjudicated. The amended proof of claim may then have been allowed and the plan modified. After confirmation of a Chapter 13 plan and after an order has been entered allowing the claim, it would not make sense to conclude that the amount of the allowed claim would automatically increase to the amount stated in an amended proof of claim. The amended proof of claim constitutes *prima facie* evidence of the claim under Bankruptcy Rule 3001(f). However, that does not mean the claim is "allowed" nor does it mean that the claim shall be paid.

■ I therefore conclude, as a general matter, that if an amended proof of claim is filed after confirmation of a Chapter 13 plan and after the court has entered an order allowing claims, the amended proof of claim does not become an allowed claim unless the moving party makes a motion to reconsider claims under Bankruptcy Rule 3008, or takes some other appropriate action. Although there are several cases both allowing and disallowing amended claims in situations similar to that before me, the analysis here is greatly simplified due to Nebraska Local Bankruptcy Rule 27. *See In re Candy Braz, Inc.*, 98 B.R. 375 (N.D.Ill.1988); *In re Calisoff*, 94 B.R. 1002 (Bankr.N.D.Ill.1988); *In re Sapienza*, 27 B.R. 526 (Bankr.W.D.N.Y.1983); *United States v. Vlavianos (In re Vlavianos)*, 71 B.R. 789 (Bankr.W.D.Va.1986); *Norris Grain Company v. United States (In re Norris Grain Company)*, 81 B.R. 103 (Bankr.M.D.Fla.1987); *In re Haynes*, 107 B.R. 83 (Bankr.E.D.Va.1989); *In re Garner*, 113 B.R. 352 (Bankr.N.D.Ohio 1990); *In re Grivas*, 123 B.R. 876 (Bankr.S.D.Cal. 1991). I conclude that in Nebraska, once the original claim has been allowed by court order, another court order is required to allow an amended claim.

■ The IRS has argued that under Federal Rule of Civil Procedure 15, its amended proof of claim relates back to the time of filing the original proof of claim. There are several problems with this argument. First, Federal Rule of Civil Procedure 15 and Bankruptcy Rule 7015, apply only in adversary proceedings and not in contested matters. *See* Bankruptcy Rule 9014 and *In re Calisoff*, 94 B.R. 1002, 1004 n. 2 (Bankr.N.D.Ill.1988). Second, even if Rule 15 applied, leave of the Court is required to file an amended pleading and such leave was not obtained in this case. Finally, even if Rule 15 is applied, the amended proof of claim merely relates back and is deemed to have been filed at the time of the filing of the original proof of claim. Such relating back would not result in the amended claim being allowed. It would simply mean that the amended proof of claim was timely filed. The claim as amended would not be allowed unless the previous court order allowing claims was modified. Such modification would not be appropriate without notice and opportunity to object as is contemplated by Bankruptcy Rule 3008 and Nebraska Local Bankruptcy Rule 27. Notice and opportunity to object thus must precede allowance of the amended proof of claim. The fact that the IRS provided notice of the filing of the amended proof of claim to the debtor does not change this result because such notice did not provide the debtor an opportunity to be heard and the notice was not given in connection with any hearing or proceeding scheduled by the court. Reconsideration of allowance of the IRS claim at this late date, after completion of payments under the plan, would not be appropriate.

The IRS had means available to protect its interest but failed to take appropriate action. Consider the hypothetical situation that would have existed if the debtor had never filed his 1985 tax return. The IRS would not have been in a position to file an amended proof of claim, and the tax claim would have been discharged because it was provided for in the plan. The result in this case should, therefore, not depend upon whether the IRS actually filed an amended proof of claim or whether the debtor filed a tax return. Rather this case should be treated like any case involving contingent or unliquidated claims. One deficiency in

the old Bankruptcy Act was that a debtor could not discharge certain unliquidated and contingent claims. An important contribution of the Bankruptcy Code of 1978 is that under 11 U.S.C. § 502(c) contingent unliquidated debts may be allowed and discharged. The IRS claim for 1985 taxes was unliquidated in that the amount of the claim was not known at the time the IRS filed its original proof of claim. The IRS could have elected to file a proof of claim for a greater amount. Alternatively, the IRS could have attempted to liquidate the claim by court adjudication under 11 U.S.C. §§ 502 and 505. Having elected to simply estimate the taxes and to file a proof of claim which was allowed, the IRS had the burden of seeking reconsideration of the allowance of its claim at the time the IRS filed the amended proof of claim. The IRS or trustee could have filed a motion under Bankruptcy Rule 3008 seeking allowance of the amended proof of claim. The court would have then adjudicated the issues after notice and hearing.

■ With some exceptions not applicable here, a chapter 13 debtor is entitled to a discharge of all debts provided for in the plan. *See* 11 U.S.C. § 1328. Under the facts of this case, the obligation to the IRS for the 1985 tax year was provided for in the plan and the allowed claim of the IRS for 1985 taxes was paid in full. The debtor's obligation to the IRS for income taxes for the 1985 tax year is therefore dischargeable in this bankruptcy case. A separate order will be entered consistent herewith.