UNITED STATES of America, Appellant,

v.

John D. CARR, Appellee.

No. 4:CV91–3265.

United States District Court,
D. Nebraska.

Feb. 3, 1992.

Virginia Cronan Lowe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C. and Patricia Dugan, Asst. U.S. Atty., Omaha, Neb., for appellant.

W. Eric Wood of Dwyer, Pohren, Wood, Heavey & Grimm, Omaha, Neb., for appellee.

ORDER

URBOM, Senior District Judge.

The appellant and creditor-below, the Internal Revenue Service, appeals the decision of the bankruptcy court[1] disallowing an amended proof of claim by the IRS and discharging the debtor's obligation to the IRS for income taxes for the 1985 tax year. 134 B.R. 370. On appeal, the appellant seeks reversal of the bankruptcy court's determination that the IRS was required to seek an order of the bankruptcy court to allow an amendment of a timely filed proof of claim.

█ On appeal, the bankruptcy court's findings of fact will not be set aside unless they are clearly erroneous; conclusions of law will be reviewed *de novo. Martin v. United States,* 761 F.2d 472, 474 (8th Cir. 1985). Having carefully reviewed the record and the applicable law, I find no error in the bankruptcy court's well-reasoned memorandum decision. (Filing 34). The appellant's amended proof of claim was without effect and the debt properly discharged.

The debtor filed a chapter 13 bankruptcy petition in late 1986. On March 19, 1987, the IRS filed a proof of claim for unpaid taxes for tax years 1984 and 1985. Although the debtor had not filed a tax return for 1985, the proof of claim contained an estimation of his tax liability for that year. The debtor's chapter 13 plan was confirmed on April 10, 1987, and provided for the payment of the IRS claim. Under the plan, the debtor would pay $100 for 36 months.

---

**1.** The Honorable John C. Minahan, Jr., United States Bankruptcy Judge for the District of Nebraska.

The trustee filed a motion to allow claims on July 24, 1987. The debtor objected only to the proof of claim of a debtor bank; the objection was sustained. The remaining claims, including that of the IRS, became final and were allowed by an order of the bankruptcy court on August 24, 1987.

Sometime between March 1987 and September 1988 the debtor filed his federal income tax return for 1985. The IRS subsequently filed an amended proof of claim on October 3, 1988, to reflect the $2,478.66 in additional tax liability for 1985 over and above that previously estimated in the proof of claim that had been allowed. The IRS did not file a motion to have its claim reconsidered so as to have the earlier court order confirming the plan altered.

The debtor completed all payments provided for under the confirmed plan in April 1990. Nine months later, on January 19, 1991, the trustee filed a motion to reconcile the plan with the allowed claims such that the increased amount of tax liability for 1985 would be paid. The bankruptcy court subsequently decreed that the amended proof of claim was disallowed as it had been filed after confirmation. According to the bankruptcy court:

"[T]he amended proof of claim really had no effect. Bankruptcy Rule 3008 specifically permits a party in interest to move for reconsideration of an order allowing or disallowing a claim against the estate. Had the IRS or the Chapter 13 trustee made a motion for reconsideration of the IRS claim, the matter would have been adjudicated. The amended proof of claim may then have been allowed and the plan modified. After confirmation of a Chapter 13 plan and after an order has been entered allowing the claim, it would not make sense to conclude that the amount of the allowed claim would automatically increase to the amount stated in an amended proof of claim. The amended proof of claim constitutes *prima facie* evidence of the claim under Bankruptcy Rule 3001(f). However, that does not mean the claim is 'allowed' nor does it mean that the claim shall be paid.

I therefore conclude, as a general matter, that if an amended proof of claim is filed after confirmation of a Chapter 13 plan and after the court has entered an order allowing claims, the amended proof of claim does not become an allowed claim unless the moving party makes a motion to reconsider claims under Bankruptcy Rule 3008, or takes some other appropriate action."

(Filing 34 at p. 2).

Contrary to the appellant's contention, neither the Bankruptcy Rules nor the Bankruptcy Code supports the assertion that the amended claim has "automatic" effect absent objection by the debtor. In support of its argument, the IRS relies on a series of cases holding that an amended proof of claim is timely filed, with respect to a claims bar date, inasmuch as the amended claim arose from the same conduct underlying a timely filed claim. *See, e.g., In re Unroe*, 937 F.2d 346, 349 (7th Cir.1991). Consistent with Federal Rule of Civil Procedure 15, the amended claim "relates back" to the filing date of the original proof of claim. *See* Bankr.R. 7015, 7019 (Fed.R.Civ.P. 15 to be applied in adversary proceedings and contested matters). Furthermore, it is argued, liberal allowance of amended pleadings should be allowed in the interest of justice. *See, e.g., In re Hanscom Retail Foods, Inc.*, 96 B.R. 33, 35 (Bankr.E.D.Pa.1988) (liberal allowance given to file amended claims concerning same type of taxes raised by a timely proof).

The appellant's argument is well-taken but fails nevertheless. Assuming arguendo that the amended claim could have been properly allowed because it merely increased the amount of tax due in a year for which a claim had already been timely filed, it is impossible to escape the fact that the IRS did not seek action by the court to modify its confirmation order so as to allow the amended claim. Rather, the creditor filed a proof of claim for estimated tax liability which was subsequently allowed and provided for under the confirmed plan by a court order. That order could have been disturbed under Bankruptcy Rule 3008 that states a "party in interest may move for reconsideration of an order allow-

ing or disallowing a claim against the estate." However, the IRS did not seek reconsideration of the confirmation order upon the filing of its amended complaint but merely chose to stand on the filing of its amended proof of claim.

It is paramount to the authority of the courts that court orders cannot be altered absent further action by the courts. The power to hold parties in contempt for refusing to comply with such orders serves to enforce this authority. A rule permitting automatic changes to the confirmed plan upon the mere filing of an amended proof of claim, without motion or action by the court, would be completely at odds with that standard. The cases cited by the appellant do not stand for the assertion that the Bankruptcy Code and Rules permit a confirmation order to be modified by the unilateral action of an unsecured creditor.

Furthermore, there is no statutory authority for allowing modification of the plan once the debtor has completed all payments under the plan. To the contrary, 11 U.S.C. § 1329(a) provides for modification of a confirmed plan "at any time after confirmation of the plan but before the completion of payments under such plan ... upon request of the debtor, the trustee, or the holder of an allowed unsecured claim." The "first catechism" of statutory construction teaches that interpretation of a statute begins with the statutory language itself. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 420, 88 S.Ct. 2186, 2193, 20 L.Ed.2d 1189 (1968). Accordingly, it can fairly be said that "[s]ince this section does not state that a Chapter 13 plan may be amended *after* payments are completed, the only reasonable interpretation of section 1329(a) is that a plan cannot be modified once all payments have been made." *In re Moss*, 91 B.R. 563, 565 (Bankr. C.D.Cal.1988); *see also Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118, 1122 (9th Cir.1983) (amendments after completion of payments under the plan are unauthorized); *In re Chancellor*, 78 B.R. 529, 530 (Bankr.N.D.Ill.1987) (§ 1329(a) limits time for modification to the span between the confirmation of the plan and completion of payments under the

plan). Such an interpretation provides some measure of finality and an incentive for the debtor to complete payments promptly in order to be assured a discharge. 5 *Collier on Bankruptcy* ¶ 1329.01 at 1329–10 to 1329–11 (1991).

Because the IRS failed to seek modification of the plan during the time permitted by section 1329(a) for modifications, the bankruptcy court correctly denied the trustee's motion to alter the plan once payments had been completed under the plan. Without ruling on whether the amended claim would have been allowed had a motion for reconsideration or some other request for judicial action been timely filed, I must affirm the bankruptcy court's holding that an amended proof of claim filed after entry of an order of confirmation does not become an allowed claim absent a motion for reconsideration or other appropriate action by the creditor. Accordingly, the appellee's obligation to the IRS for income taxes for the taxable year of 1985 is dischargeable in this bankruptcy case.

The appellee has also urged the court to deny the trustee's motion requesting additional fees. However, the bankruptcy court specifically retained jurisdiction over that issue in its order of July 1, 1991. As no final order has been entered as to that issue, it is not properly before this court and shall not be considered.