In re NORRIS GRAIN COMPANY, et al. Debtors.

UNITED STATES of America, Appellant and Cross–Appellee,

v.

NORRIS GRAIN COMPANY, Detroit HC, Inc. and Olympia Stadium Corporation, Appellees and Cross–Appellants.

Bankruptcy Nos. 85–218–BK–J–GP, 85–231–BK–J–GP and 85–232–BK–J–GP.
No. 88–21–Civ–Oc–16.

United States District Court,
M.D. Florida,
Ocala Division.

Nov. 27, 1990.

James H. Post, Smith & Hulsey, Jacksonville, Fla., for appellees and cross-appellants.

Richard F. Mitchell, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellant and cross-appellee.

### ORDER

JOHN H. MOORE, II, District Judge.

This cause is before the Court on the government's timely appeal from the or-ders of the bankruptcy court dated December 3, 1987, 81 B.R. 103. The debtors filed a timely response to the government's appeal, and filed a cross-appeal from the same order of the bankruptcy court, to which the government has responded to accordingly.

The relevant facts in this appeal are as follows. On November 5, 1984, the debtors filed a consolidated income tax return for the year ending February, 1984, showing a total tax due of $391,533 [hereinafter referred to as "1984 income taxes"]. This amount was paid by the debtors, and is not contested on this appeal. On March 25, 1985, Norris Grain Company ("NGC") petitioned for reorganization under Chapter 11 of Title 11 of the United States Code. On March 27, 1985, Detroit HC, Inc. ("Detroit HC") and Olympia Stadium Corporation ("Olympia") also filed petitions for reorganization under Chapter 11. On March 28, 1985, the debtors sent a notice of their Chapter 11 filings to the attention of the Special Procedures Unit of the Internal Revenue Service ("IRS") in Jacksonville, Florida. As will become important later in this case, the Special Procedures Unit is a department of the IRS responsible for filing proofs of claim on behalf of the IRS in Chapter 11 cases.

On April 3, 1985, the bankruptcy court established July 23, 1985 as the bar date for filing claims against NGC, and July 25, 1985 as the bar date for filing claims against Detroit HC and Olympia. The IRS received notice of these bar dates in April of 1985.

On May 1, 1985, the debtors applied for and received an extension of time until November 15, 1985, for filing their consolidated income tax return for the year ending February 1985 [hereinafter referred to as "1985 income taxes"]. In their application for an extension of time, the debtors listed the tentative amount of tax due for the 1985 year as zero. The IRS relied upon the debtors' application for an extension of

time, and did not file a claim prior to the bar date with respect to the debtors' 1985 income taxes.

On May 14, 1985, the debtors filed an amended 1984 income tax return with the IRS Service Center in Atlanta, Georgia. The amended 1984 return indicated an unpaid tax liability in the amount of $1,690,-026. The debtors also forwarded a copy of the amended return to the Special Procedures Unit in Jacksonville, thus giving clear notice of the unpaid liability. On May 31, 1985, the IRS filed a claim in the amount of $365.75 for interest which arose upon the debtors' failure to timely pay the 1984 income taxes reported in their original 1984 return. The IRS did not conduct any further examinations prior to the bar date regarding the need to file additional proofs of claim; no claim was filed as to the $1,690,026 in unpaid 1984 tax liability prior to the bar dates of July 23 and 25, 1985.

On November 14, 1985, pursuant to the extension of time granted earlier by the bankruptcy court, the debtors filed their consolidated income tax return for the year ending February, 1985, showing a total tax due of $573,038. On November 26, 1985, the IRS filed a claim in the amount of $573,038 in 1985 income taxes.

On December 19, 1985, almost six months after the bar dates, the IRS filed a claim for $1,690,026 in unpaid 1984 income taxes. This claim, which was based upon the debtors' 1984 amended income tax return filed over seven months earlier, was the first claim filed by the IRS for 1984 income taxes. On January 15, 1986, the debtors filed a second amended 1984 income tax return which reduced their tax liability to $1,673,458. The debtors mailed a copy of this second amended 1984 return to the Special Procedures Unit in Jacksonville, Florida.

On July 16, 1986, the debtors' Second Amended Consolidated Plan of Reorganization (the "Plan") was confirmed. The Plan provided for the full payment of all allowed claims. The debtors have paid all allowed claims in full except those creditors, such as retirees, who were to be paid over an extended period of time. On August 15, 1986, the debtors filed objections to proofs of claim filed by the IRS. On September 25, 1986, the debtors filed a complaint to determine their federal tax liability, and filed their objections to the IRS claims on the grounds that the IRS claims were untimely. On April 19, 1987, the IRS filed a motion for an enlargement of time in which to file a claim for 1985 income taxes.

The bankruptcy court entered judgment denying the government's post-bar date claim for 1984 income taxes, but allowed the government's post-bar date claim for 1985 income taxes. Crucial to the court's rulings were the following factors: (1) the late claim for $1,690,026 in 1984 income taxes was substantially different than the timely claim for $365.75 in interest due on 1984 taxes already paid; (2) the IRS' own overwhelming workload that purportedly prevented the IRS from working on the amended 1984 return prior to the bar date was properly viewed as an internal breakdown of IRS procedures and was an insufficient reason to override the bar date and its policies of finality, in the interests of equity; and (3) the failure of the IRS to file a timely claim for 1985 income taxes was the result of excusable neglect (circumstances beyond the control of the IRS), where the IRS had reasonably relied on the debtors' representation that no tax would be due for the 1985 year, and on the extension of time asked for and received by the debtors.

In reviewing bankruptcy court decisions, this Court sits as an appellate court. Bankr.Rule 8013 (1984). This Court may not set aside factual findings of the bankruptcy court unless they are clearly erroneous. *See U.S. v. Owens*, 84 B.R. 361, 363 (E.D.Pa.1988). Conclusions of law are reviewed *de novo*. However, because the allowance or denial of an amended proof of claim is discretionary, this Court will review the bankruptcy court's decision under an abuse of discretion standard. *See In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985).

*I. The Claim for 1984 Income Taxes*

Amendments to claims should be freely allowed where the purpose of the

amendment is to cure a defect in the original claim, to describe the original claim with greater particularity or "to plead a new theory of recovery on the facts set forth in the original claim." *Id.* However, courts "must subject post-bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment." *See id.* The bar date for filing proofs of claim in Chapter 11 cases is a mechanism intended by Congress to provide the debtor and its creditors with "finality." *See, e.g., In re Chicago Rock Island and Pacific R.R. Co.,* 788 F.2d 1280 (7th Cir.1986); *Hoos & Co. v. Dynamics Corp. of America,* 570 F.2d 433, 439 (2d Cir.1978). For this reason, courts look upon the bar date as being "[in] the nature of a statute of limitations [which] must be strictly observed." *In re Kay Homes Inc.,* 57 B.R. 967, 971 (Bankr. S.D.Tex.1986). Further, it is beyond question that the policies behind the bar date apply with equal force to private citizen and the government alike. *See, e.g., International Horizons,* 751 F.2d at 1219.

■ Under the traditional view, amendment of a claim should only be permitted where the original claim provided notice of the "existence, nature, and amount of the claim," and of the government's intent to hold the debtor's estate liable for the unpaid taxes. *See id.* at 1217. In this case, the timely claim for $365.75 in unpaid interest gave no notice of the existence of the later post-bar date claim for $1,690,026 in unpaid income taxes. The nature of the timely claim was for unpaid *interest* on earlier income taxes paid, and was in no material way related to the post-bar date claim for unpaid *income taxes;* as the bankruptcy court properly noted, these are two different types of tax, covered in different sections of the Internal Revenue Code. Also, the amount of the timely claim gave no notice of, and was vastly divergent from, the later claim for $1,690,026. Indeed, the only factor common to both claims is that both relate to the same tax year. However, the fact that both claims are from the same year does not suffice to permit amendment, where the post-bar date claim for income tax does not relate to the

transaction or occurrence set forth in the original claim for interest due.

The bankruptcy court also considered whether the government's late claim should be allowed under the "balancing of the equities" test enunciated in *In re Miss Glamour Coat Co.,* 80–2 U.S.T.C. § 9737 (S.D.N.Y. Oct. 8, 1980). The bankruptcy court evaluated the government's proposed amendment accurately under the *Glamour Coat* factors, assuming those factors are appropriate considerations in this circuit. *See International Horizons,* 751 F.2d at 1218–19 (evaluating a similar fact pattern under the *Glamour Coat* standard). First, the government's timely claim for $365.75 gave neither the court nor the debtors any reason to know of its intent to file a subsequent claim for almost $1.7 million. Second, and more importantly, considerable evidence indicated that the Service's own negligence and faulty procedures were the cause of its failure to file a claim for the $1,690,026 prior to the bar date. The IRS received the amended 1984 return more than two months prior to the bar date. The debtors, far from attempting to "sandbag" the IRS, mailed copies of the amended return to the Atlanta center of the IRS, and to the Special Procedures Unit in Jacksonville, the department responsible for filing proofs of claim. The IRS presented little evidence for why it failed to timely file the claim. Under these circumstances, this Court concludes that the bankruptcy court did not abuse its discretion in determining that the IRS's claim for $1,690,026 in unpaid 1984 income taxes was an assertion of a new claim, and that amendment should not be permitted in the interests of equity.

■ The bankruptcy court also held that the government's amendment should not be allowed under the "informal claim" doctrine. Under this doctrine, an informal claim can be asserted only when it is apparent that the creditor intends to seek recovery from the debtor and when the document constituting the informal proof of claim is "filed" prior to the bar date. *See id.* at 1217; *In re South Atlantic Financial Corp.,* 767 F.2d 814, 819 (11th Cir.

1985). Generally, the document must have been filed by the creditor. In this case, the IRS filed no document demonstrating an intent to hold the debtors liable for the claim for $1,690,026. The government would have this Court find that the debtor's own filing of the amended 1984 tax return constitutes an informal claim by the government that demonstrated the IRS's intent to collect the $1,690,026. However, this Court refuses to hold that the mere filing of an income tax return by the debtor relieves the government of the requirement that proofs of claim must be filed prior to the bar date. To hold otherwise would contravene the rule prohibiting giving the IRS "special treatment in determination of its late claims." *See International Horizons*, 751 F.2d at 1219. It is true that the debtor's own filing of an income tax return by definition gives the debtor notice of the possibility that the IRS may file a proof of claim for those taxes; however, the debtor's tax return does not give the bankruptcy court notice of the government's intent to file a proof of claim. Although this is a close question, this Court finds that the bankruptcy court's ruling was proper.

*II. The Claim for 1985 Income Taxes*

 An extension of time for filing proofs of claim can only be granted if the creditor can show that its failure to act before the bar date was the result of excusable neglect. *See In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985). The creditor must demonstrate that its failure to file a timely proof of claim was due to circumstances beyond its reasonable control. *See id.* In this case, the IRS relied upon the fact that the debtors had received an extension of time to file their 1985 income tax return, and on the debtors' representation that their tentative tax due for that year was "zero." Upon the filing of the debtors' tax return, the IRS promptly and diligently filed a proof a claim for the 1985 income taxes. *See, e.g., Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1315 (8th Cir.1987) (finding excusable neglect exists where delay in filing cannot be prevented by the party's own diligence). This action was reasonable, and the result of the debtors' own request for an extension of time, which was certainly a circumstance beyond the IRS's control. Nor was the IRS negligent in not filing a "protective" proof of claim, where the debtors received an extension and estimated the tentative amount of tax due as "zero." The bankruptcy court's determination that the IRS's claim for $573,038 in 1985 income taxes should be deemed to be timely filed was not an abuse of discretion. Accordingly, it is now

ORDERED AND ADJUDGED:

The December 3, 1987 orders of the bankruptcy court are hereby affirmed.

DONE AND ORDERED.