**In re IMPORT & MINI CAR PARTS, LTD., INC., Debtor.**

**Jules S. WALKER, Trustee, Plaintiff,**

**v.**

**Jerry L. FERGUSON, Samuel S. Conte, United States of America, & Classic Car Center, Inc., Defendants.**

**Bankruptcy No. 83–10377.**
**Proc. No. 88–1037.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

April 8, 1991.

Ward W. Miller, Fort Wayne, Ind., for plaintiff.

Debbie Leonard, Asst. U.S. Atty., Fort Wayne, Ind., for the U.S.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court with regard to that part of plaintiff's complaint which is directed towards The Internal Revenue Service (IRS). The issues raised by the complaint as to all other defendants have been previously resolved, either by a decision of this court or by an agreement of the parties. By its complaint, the trustee seeks to subordinate the interest and penalties otherwise due the IRS on account of its post-petition claim to the claims of other post-petition creditors. The issues raised by this request were submitted to

the court upon stipulations of fact and the briefs of counsel.

The Debtor, Import & Mini Car Parts, Ltd., Inc., filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on April 28, 1983. The care and custody of the bankruptcy estate was committed to the debtor-in-possession until March 29, 1989, when Mr. Walker was appointed trustee. Thereafter, the case was converted to Chapter 7 on Mr. Walker's motion. Mr. Walker is currently serving as the duly appointed and qualified trustee of this Chapter 7 bankruptcy estate.

During the time that the debtor continued its business operations under the auspices of Chapter 11, management for the debtor-in-possession failed to pay a number of post-petition obligations. The IRS is among the post-petition creditors so treated. As a result of the debtor's failure to fulfill its post-petition commitments to the IRS, the IRS has filed an administrative claim for the principal amount of the taxes due, interest thereon, and penalties.

The assets of the bankruptcy estate are not sufficient to fully pay the unsatisfied administrative expenses left over from the Chapter 11 period. As a result, pursuant to 11 U.S.C. § 510(c), the trustee seeks to subordinate the penalties and interest claimed by the IRS on the post-petition taxes to the principal amounts due debtor's other unpaid Chapter 11 administrative creditors. The only question before the court concerns subordination. There is no issue with regard to the amounts due the IRS or the various components, principal, interest, and penalties, of its post-petition claim.

Pursuant to 11 U.S.C. § 503(b)(1)(B), post-petition taxes incurred by a bankruptcy estate are allowable as an administrative expense. Any penalties which might be assessed on these taxes are also an allowable administrative expense, pursuant to § 503(b)(1)(C). Although § 503 does not specifically address interest on post-petition taxes, prevailing case law almost universally recognizes that it too should be accorded the status of an appropriate administrative expense. *In re Flo–Lizer,*

*Inc.,* 916 F.2d 363 (6th Cir.1990); *In re Allied Mechanical Services, Inc.,* 885 F.2d 837, 839 (11th Cir.1989); *In re Mark Anthony Const., Inc.,* 886 F.2d 1101 (9th Cir. 1989); *U.S. v. Friendship College, Inc.,* 737 F.2d 430 (4th Cir.1984). Consequently, the amounts claimed due the IRS are properly allowable as an administrative expense of the Chapter 11 bankruptcy.

Section 726 of the Bankruptcy Code specifies the manner in which the assets of a Chapter 7 bankruptcy estate will be distributed to creditors. First in priority are the allowed administrative expenses of § 503(b). 11 U.S.C. §§ 726(a)(1) and 507(a)(1). Generally there is no prioritization of post-petition administrative expenses. *See In re Cochise College Park, Inc.,* 703 F.2d 1339, 1356 n. 22 (9th Cir. 1983) (citing *Thomas Corp. v. Nicholas,* 221 F.2d 286, 289 (5th Cir.1955)). Where, however, a case has been converted to Chapter 7, the administrative expenses of the Chapter 7 administration are given priority over those resulting from the administration of the estate under Chapter 11. 11 U.S.C. § 726(b). Consequently, in this proceeding, the assets of the bankruptcy estate will be distributed first to fully pay the expenses of administration under Chapter 7 and then in order to satisfy the unpaid Chapter 11 administrative claims. Since the assets of the bankruptcy estate are not sufficient to fully pay both the Chapter 7 and the Chapter 11 administrative claims, the creditors with the administrative claims left over from operations under Chapter 11 will be paid pro-rata. 11 U.S.C. § 726(b).

The distributive scheme established by § 726 is not graven in stone. The court is expressly given the authority to alter the § 726 order of distribution pursuant to § 510 of the United States Bankruptcy Code. 11 U.S.C. § 726(a). Pursuant to § 510(c) of the Bankruptcy Code

[A]fter notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or

part of another allowed interest.... 11 U.S.C. § 510(c)(1).

It is through the authority conferred by this portion of the Bankruptcy Code that the trustee seeks to subordinate the penalties and interest due on account of debtor's post-petition taxes to the other unpaid Chapter 11 administrative expenses.

■ In opposition to the trustee's request, the IRS first argues that § 510(c) does not authorize the subordination of administrative expenses. Based upon the plain language of § 726(a) this argument cannot prevail. The distributive scheme established by § 726 is expressly subject to the power of subordination pursuant to § 510. Section 726 makes no distinction with regard to the possibilities of subordination. Neither does § 510(c); it specifically permits the subordination of "all or part of an allowed claim to all or part of another allowed claim." 11 U.S.C. § 510(c)(1). Neither § 726 nor § 510 insulate any particular claim from the potential susceptibility to subordination. To the contrary, the specific language of each section apparently contemplates that any claim, of any priority, may, potentially, be subordinated to any other.

Although equitable subordination is most frequently encountered in situations where the creditor is guilty of some type of misconduct, the Seventh Circuit has recently taken the lead in recognizing what has come to be known as subordination without fault. *See Matter of Virtual Network Services Corp.*, 902 F.2d 1246 (7th Cir. 1990). There, the court determined

> that Congress intended the courts to 'develop' the 'principles of equitable subordination.' We further conclude, as did the district court, that the principles of equitable subordination are broader than the doctrine which developed prior to § 510(c)(1)'s enactment. It is clear that in principle, equitable subordination no longer requires, in all circumstances, some inequitable conduct on the part of the creditor. *Virtual Network Services*, 902 F.2d at 1249–50.

Since the Seventh Circuit's decision, at least two other circuits have chosen to follow its lead. *See Burden v. U.S.*, 917 F.2d 115 (3rd Cir.1990); *Schultz Broadway Inn v. U.S.*, 912 F.2d 230 (8th Cir.1990).

Interestingly enough, each of the three circuit court decisions which have recognized the possibility of subordination without fault, have done so in response to attempts to subordinate penalty tax claims otherwise due the IRS. In *Virtual Network Services,* the debtor, in connection with a liquidating plan, sought to subordinate pre-petition tax penalties to the pre-petition claims of the debtor's other general unsecured creditors. The bankruptcy court declined to do so and ruled in favor of the IRS. On appeal, the district court reversed and ordered subordination. It was this decision by the district court, subordinating the IRS' claim, that the Seventh Circuit affirmed. *Virtual Network Services,* 902 F.2d at 1247. The Eighth Circuit's decision also affirmed the subordination of tax penalty claims to the claims of other general unsecured creditors in a liquidating Chapter 11. *Schultz Broadway Inn,* 912 F.2d 230.

The Third Circuit also confronted the subordination of pre-petition tax penalties. There, however, the proceedings did not involve the liquidation of a corporation but, rather, an individual's efforts to deal with its obligations to creditors under the auspices of Chapter 13. Although the Third Circuit reversed the bankruptcy court's decision to subordinate the tax penalties, it approved of the concept of subordination without fault, based on a weighing of the equities on a case-by-case basis. *Burden,* 917 F.2d at 120–121.

The situation presently before the court is not meaningfully different from the corporate liquidations confronted by the Seventh Circuit in *Virtual Network Services* or by the Eighth circuit in *Schultz Broadway Inn.* The two distinguishing features are not, in this court's opinion, sufficient to mandate a different result. Those appellate courts confronted liquidations under Chapter 11. This case presents a liquidation under Chapter 7, following the failure of debtor's efforts to reorganize under Chapter 11. The other difference involves

the post-petition nature of the penalties here at issue. Both *Virtual Network Services* and *Schultz Broadway Inn* dealt with the subordination of pre-petition tax penalties. Yet, it is only because the penalties sought by the IRS involve post-petition taxes that there is even any question concerning their status vis-a-vis other creditors of the same priority. Pre-petition penalties are specifically subordinated to other pre-petition claims. *See* 11 U.S.C. § 726(a)(4).

Despite the differences, all of the equities which persuaded the Seventh and Third Circuits to approve the subordination of tax penalties are present here, in the trustee's efforts to subordinate the penalties on post-petition administrative taxes to the other unpaid administrative claims left over from the debtor's unsuccessful efforts at reorganization. Based upon these authorities, to the extent the trustee seeks to subordinate post-petition tax penalties to the other unpaid Chapter 11 administrative expenses, the trustee's complaint should be granted.

 The trustee's attempt to subordinate the IRS' claim to interest on the unpaid post-petition taxes represents an entirely different matter. The theoretical basis for subordinating the tax penalties is the Congressional preference for compensating creditors' actual losses before compensating non-pecuniary losses, such as penalties. *See Schultz Broadway Inn*, 912 F.2d at 234. Unlike penalties, interest represents an actual pecuniary loss as a result of a claimant not having at its disposal all or part of the principle of its unpaid debt. From a creditor's perspective, the losses occasioned by the lack of access to its funds and, therefore, the ability to use or invest those funds in a different fashion, are no less real than the loss of the principal balance of the debt itself. Thus, unlike penalties, interest on an unpaid debt, be it a consensual loan or the involuntary extension of credit, represents an actual pecuniary loss to the creditor. Unlike the treatment of pre-petition penalties in Chapter 7, interest on unpaid pre-petition taxes is not subordinated to other pre-petition unsecured claims. *Matter of Larson*, 862 F.2d

112, 119 (7th Cir.1988) ("pre-petition interest is to be accorded the same priority as the underlying claim."). *See also Matter of Unimet Corp.*, 74 B.R. 156, 170 (Bankr. N.D.Ohio 1987); *In re Brinegar*, 76 B.R. 176, 178 (Bankr.D.Colo.1987).

While the trustee may see a lack of equity in allowing the IRS to recover interest on its post-petition claim while other post-petition creditors will not, the court sees none. The IRS is clearly entitled to include as part of its Chapter 11 administrative claim interest on the unpaid post-petition taxes. Why the other unpaid Chapter 11 administrative claimants have not done so is unknown. It may be that they did not contract for interest on the unpaid obligation or that, unlike the IRS, they are not entitled to it as a matter of bankruptcy law. Alternatively, it may be that, unlike the IRS, they simply did not seek to claim it. Whatever reason there may be for the disparate claims to interest by the unpaid Chapter 11 administrative creditors does not warrant a disparate treatment. To the extent the trustee seeks to subordinate the interest claimed due the IRS, as of the date of conversion, on the unpaid Chapter 11 administrative taxes that request will be denied.

Judgment will be entered accordingly.