In re NORRIS GRAIN COMPANY,
et al., Debtors.

NORRIS GRAIN COMPANY, Detroit HC,
Inc. and Olympia Stadium Corporation,
Appellants and Cross–Appellees,

v.

UNITED STATES of America, Appellee
and Cross–Appellant.

Bankruptcy Nos. 85–218–3P1, 90–111.
No. 92–82–Civ–Oc–10.

United States District Court,
M.D. Florida,
Ocala Division.

Aug. 19, 1993.

James H. Post, Smith, Hulsey & Busey, Jacksonville, FL, for appellants.

Ann Reid, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellee.

## OPINION

HODGES, District Judge.

This case is here on appeal by both the Debtors and the Government of the Bankruptcy Court's final judgment (Bankr.Adv. Doc. 20), entered 7 April 1992, 138 B.R. 1004.

In a previous adversary proceeding between the parties, Bankruptcy Adversary Proceeding No. 86–314, the Bankruptcy Court, by Order (86–314, Bankr.Adv.Doc. 30), entered 3 December 1985:

1. Allowed the Government's claim for $573,038 for 1985 income taxes.

2. Allowed the Government's additional claim for $365.75 in interest for 1984 income taxes.

3. Disallowed the Government's claim for $1,690,026 for 1984 income taxes.

All parties appealed and the Bankruptcy Court's judgment was affirmed. *In re Norris grain Company*, 131 B.R. 747 (M.D.Fla. 1990), *aff'd*, 969 F.2d 1047 (11th Cir.1992).

On 17 April 1989, after the Debtors' confirmation plan was confirmed, the Internal Revenue Service sent Debtor Norris Grain Company tax assessments (Bankr.Adv.Doc. 12, Exhibits A & B) of $1,015,033.71 for 1984 and $2,826,115.17 for 1985. The assessments requested that payment be made in ten days. The Debtors brought an adversary proceeding seeking: 1) a judgment declaring that the assessments were void because they were made in violation of 11 U.S.C. §§ 524(a) and 1141(d), and 2) a permanent injunction enjoining the Government from continuing any action to assess or collect such taxes.

In its final judgment (Bankr.Adv.Doc. 20), supported by findings of fact and conclusions of law (Bankr.Adv.Doc. 21), the Bankruptcy Court declared that the assessments were in violation of §§ 524(a) and 1141(d) and enjoined the Government from continuing any action to assess or collect such taxes. However, after finding that they caused no harm, the court did not void the assessments.

It appears that the Bankruptcy Court may have overlooked the provision in the plan which calls for payment of the allowed taxes

over a period not to exceed six years from the date of assessment. Based on this provision, the plan contemplated that assessments would be made. Without assessments, it would be difficult to determine the manner of payment and the length of the payment period.

The Court notes that the assessments request payment of more than was allowed by the Bankruptcy Court in a shorter period than was called for in the plan. The Bankruptcy Court specifically did not state the effect of the assessments, and neither will this Court.

Upon due consideration, the Bankruptcy Court's final judgment (Bankr.Adv.Doc. 20), entered 7 April 1992, is hereby AFFIRMED.

IT IS SO ORDERED.

DONE AND ORDERED.