**In the Matter of BEST REFRIGERATED EXPRESS, INC., Debtor.**

**Bankruptcy No. BK 89–80169.**

United States Bankruptcy Court,
D. Nebraska.

Nov. 26, 1996.

---

Joan Ulmer, Trial Atty., Tax Division, U.S. Department of Justice, Washington, DC.

Thomas Hoarty, Trustee, Omaha, NE.

Robert Ginn, Omaha, NE.

Donald Swanson, Omaha, NE.

Robert Yates and Jill Perales, Omaha, NE.

## *MEMORANDUM*

TIMOTHY J. MAHONEY, Chief Judge.

This memorandum contains findings of fact and conclusions of law required by Fed. Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

### Facts

In lieu of a hearing, the parties have filed a stipulation of facts and submitted memoranda of points and authorities.

The debtor, Best Refrigerated Express, Inc., filed its voluntary Chapter 11 petition on February 7, 1989, and a Trustee was appointed on February 28, 1990. The debtor's 1987 Annual Federal Unemployment (FUTA) Tax Return (Form 940) was required to be filed by January 31, 1988. The debtor filed its Form 940 with the Internal Revenue Service (IRS) on March 31, 1989, and contemporaneously paid the IRS $22,002.47 and received credit for previous payments allegedly made to state unemployment funds.

On August 1, 1989, the date established as the bar date for claims, the IRS filed claim no. 112 in the amount of $551.07. The claim was for interest only on the late payment of the 1987 FUTA taxes.

On February 14, 1995, the IRS filed claim no. 204, revising the amount of its claim against the debtor for 1987 FUTA taxes from $551.07 to $94,674.12. The IRS disputed the fact that the debtor contributed to various state unemployment funds. This claim con-

sisted of $85,056.95 of unpaid FUTA tax for 1987 and $9,617.17 in pre-petition interest on the unpaid tax.

The Trustee filed a motion on July 3, 1995, seeking, among other things, the disallowance of Claim No. 204.

Subsequent to filing the motion, the Trustee was able to document to the satisfaction of the IRS that the debtor had made payments to the unemployment funds of six of the states in which it did business. The total amount of tax paid was $41,210.09, and the IRS has agreed to reduce its claim by that amount and to recalculate pre-petition interest on the lower tax figure. The Trustee did not, however, agree to the allowance of the revised claim of the IRS.

The remaining states in question only keep records of the payment of such taxes for three to five years, and therefore have since purged their records for 1987. Accordingly, the taxing authorities for those states were unable to provide evidence as to whether or not the debtor had paid unemployment taxes for 1987.

### Decision

The trustee's motion for disallowance of the IRS claim (Claim No. 204) is sustained.

### Discussion

■■■ The question presented is whether a creditor (specifically the IRS) may file, and have allowed, an amendment to a claim, more than five years after the claims bar date, which increases the amount of the claim by almost ten times the original amount. The determination of whether to permit an amendment to a timely filed proof of claim rests within the discretion of the court. *United States v. International Horizons, Inc. (In re International Horizons, Inc.),* 751 F.2d 1213 (11th Cir.1985); *United States v. Norris Grain Co. (In re Norris Grain Co.),* 131 B.R. 747 (M.D.Fla.1990), *aff'd* 969 F.2d 1047 (11th Cir.1992); *In re AM Int'l, Inc.,* 67 B.R. 79 (N.D.Ill.1986); *In re First Truck Lines, Inc.,* 141 B.R. 621 (Bankr.S.D.Ohio 1992), *aff'd* 190 B.R. 827 (S.D.Ohio 1993).

■■■ Initially, there is a question as to whether Claim No. 204 is an amendment to a timely filed claim, or is a new claim in and of itself. Post bar date amendments must be scrutinized to assure that there is no attempt to file a new claim under the guise of an amendment. *International Horizons,* 751

F.2d at 1216; *In re Norris Grain Co.,* 131 B.R. at 750; *In re Fischer,* 109 B.R. 384, 387 (Bankr.E.D.Mo.1989), *aff'd* 131 B.R. 137 (E.D.Mo.1990). "[I]n a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *International Horizons,* 751 F.2d at 1216. See, *First Truck Lines,* 141 B.R. at 629.

Bankruptcy Rule 7015 incorporates Federal Rule 15(a) which provides that an amended claim relates back to the date of the original pleading if the substance of the amendment concerns the same transaction, conduct or occurrence in the original pleading. Fed.R.C.V.P. 15(a). See, *In re Best Refrigerated Express, Inc.,* 192 B.R. 503, 506 (Bankr.D.Neb.1996). At first glance, it would appear that the taxes included in Claim No. 204 and the interest included in Claim No. 112 are not sufficiently related to permit the amendment to relate back. See, *Norris Grain Co.,* 131 B.R. at 750 ("The nature of the timely claim was for unpaid interest on earlier income taxes paid, and was in no material way related to the post-bar date claim for unpaid income taxes ... [T]hese are two different types of tax, covered in different sections of the Internal Revenue Code ... The only factor common to both claims is that both relate to the same tax year. However, the fact that both claims are from the same year does not suffice to permit amendment, where the post-bar date claim for income tax does not relate to the transaction or occurrence set forth in the original claim for interest due.") This issue does not need to be decided, however, because even if the amendment does relate back to the original claim, several equitable considerations require that Claim No. 204 be disallowed. See, *In re R.G. Fisher Constructors,* 116 B.R. 726 (Bankr.E.D.Cal.1990).

In *R.G. Fisher,* the IRS originally filed a timely claim in the amount of $1,250.13 for unpaid penalty arising from employer taxes reported. Four and one-half years after the bar date, the IRS filed an amendment to its proof of claim for $206,362.40 for FUTA tax-

es. The bankruptcy court, listing a number of factors, found that the equities present in the case required a determination that the amended claim filed by the IRS should not be allowed. Among the reasons listed were:

1. Nearly four and one-half years elapsed between the claims bar date and the filing of the latter claim.

2. The filing of the initial claim indicates that the matter of the debtor's bankruptcy filing was timely known to IRS and that a review of the debtor's tax liability was undertaken.

3. IRS has neither offered nor suggested any mitigating reason for its tardy filing of a claim for Form 940 taxes; it relies solely on an "oops" defense.

4. The claims file alone in this case covers thirteen volumes, and the trustee has already devoted nearly two and a half years to litigating various matters having to do with the filed claims.

5. Absent the filing of the subject claim, the trustee was in a position to proceed with distribution of nearly $390,000.00.

. . .

8. Permitting an amendment so long after the bar date without a showing of good cause undermines the clear requirement of Bankruptcy Rule 3002(c) that claims be promptly filed and interferes with the need for the finality which a . . . trustee must have in order to move forward with the administration of a case.

9. The creditor register on file with the clerk indicates that approximately 150 creditors did file timely claims.

*Id.* at 727–28.

In this case, over five years has elapsed between the claims bar date and the filing of the amended claim. Although the length of time between the filings could be excused in some instances, see, e.g., *Best Refrigerated,* 192 B.R. at 507, no reason or excuse has been provided that justifies the delay in this case.

The IRS stated in its brief that the debtor had failed to provide it with sufficient information with which to substantiate the debtor's claim that it had paid the unemployment taxes questioned. The fact that the debtor's return was somehow deficient or lacking some form of information necessary to the IRS was certainly known by employees of the IRS years ago. However, there is no evidence that the IRS sought or requested or demanded any further information from the debtor regarding its 1987 FUTA taxes until it filed its amended claim over five years after the bar date. There is no justification or excuse for its failure to act in a more timely fashion. See, *In re Stavriotis,* 977 F.2d 1202, 1206–07 (7th Cir.1992) ("If a creditor knows that after analyzing information which is wholly within its own control it may later seek to amend its claim drastically, it must not keep that knowledge secret. If it does so, and later surprises the debtor or other creditors, it should not claim surprise if the bankruptcy court elects to deny the amendment.")

■ In addition, the trustee has spent a number of years litigating matters having to do with timely filed claims. Although there is approximately $400,000 worth of assets remaining in the bankruptcy estate, the liquidation plan, which was confirmed on June 1, 1995, will pay general unsecured creditors only a small dividend. Allowance of this claim would deprive these creditors who timely filed claims.

The purpose of permitting amendments to pleadings is to "enable a party to assert matters that were overlooked or were unknown to him at the time he interposed his original complaint or answer." Wright, Miller and Kane, Federal Practice and Procedure, § 1473 (1971). Often a party will amend a complaint in response to new information obtained in discovery, to correct insufficient pleadings, or for numerous other valid reasons. A rule which permits amendments to claims in such situations has the secondary effect of increasing a party's time for filing a claim. However, bankruptcy courts are not required to permit late amendments which are primarily used as a back-door route to secure bar-date extensions. Were the rule otherwise, a party could effectively help itself to automatic extensions of the bar date without seeking leave of the court.

If the government had an unqualified right after the bar date to amend proofs of

claim dramatically for any reason or for no reason at all, the bar date in bankruptcy would be meaningless. Under that view, every creditor could file grossly misleading proofs of claim and later amend those claims as of right at their leisure, whenever they decided to calculate the extent of the actual debt claimed to be owed.

*Stavriotis,* 977 F.2d at 1206.

The IRS maintains that the debtor is obligated to maintain its own tax records, and its "failure to maintain proper tax records does not excuse it from paying properly assessed federal taxes." IRS Brief at 4. The IRS cites Treasury Regulation on Employment Tax 26 C.F.R. § 31.6001–1(e) (1987), which provides in part that "[a]ll records required by regulations in this part shall be kept, by the person required to keep them, at one or more convenient and safe locations accessible to internal revenue officers, and shall at all time be available for inspection by such officers." However, the cited regulation goes on to provide that "[e]very person required by the regulations in this part to keep records in respect of a tax (whether or not such person incurs liability for such tax) shall maintain such records for at least four years after the due date of such tax for the return period to which the records relate, or the date such tax is paid, whichever is the later." 26 C.F.R. § 31.6001–1(e)(2). The debtor filed its 1987 Form 940 on March 11, 1989, contemporaneously paid the IRS $22,002.47, and claimed credit for previous payments made to state unemployment funds. Thus, the debtor was required by Treasury regulations to maintain its records regarding its contributions to the state unemployment funds in question only until March 10, 1993, almost two years before the IRS filed Claim No. 204.

Had the IRS acted in a more timely fashion, the information it now seeks to document the debtor's contributions would have been readily available. The fact that the information is now unavailable cannot be attributed to some fault of the debtor, but rather to the tardiness of the IRS.[1]

The facts of this case are distinguishable from an opinion previously entered in this case. In *Best Refrigerated Express,* 192 B.R. at 503, the State of Nebraska sought to amend its proof of claim for post-petition fuel taxes five months after the bar date for filing a proof of claim for administrate priority expense claims and five years after the original claim was filed. The amended claim was allowed because the enlargement of the tax liability came from a correction in the computation of the amount of the fuel tax, not an alteration of the substance of the liability. *Id.* at 507. In addition, the error in the computations on the original proof of claim was not discovered until the trustee filed a motion to disallow the claim, and the trustee's motion to disallow the particular claim was not made until five years after the original claim was filed. *Id.*

In the matter at bar, the IRS's amendment was not due to a computation error. In addition, the original claim in the amount of $551.07 for interest was insufficient to put the trustee, the court and the other parties on notice of a claim for over $43,000 for unpaid taxes and interest. See, *Stavriotis,* 977 F.2d at 1206; *International Horizons,* 751 F.2d at 1217; *Norris Grain Co.,* 131 B.R. at 750. See, also, *AM International,* 67 B.R. at 82 ("Ordinarily, to be within the scope of a permissible amendment, the second claim should not only be of the same nature as the first but also reasonably within the amount to which the first claim provided notice.")

This case is also distinguishable from *In re Papp Int'l, Inc.,* 189 B.R. 939 (Bankr. D.Neb.1995). In that case, the IRS was permitted to file a claim twenty-one months after the bar date. However, the claim filed was an original claim, and it was determined that the failure to file a timely proof of claim was attributable to "excusable neglect" under Bankruptcy Rule 9006(b). While "the hurdles to overcome in obtaining allowance of an amendment to a timely proof of claim after a claims bar date should not be higher than the hurdles determined by the Supreme Court for obtaining allowance of an untimely origi-

---

1. Although only of a circumstantial nature, it is interesting to note that all of the states that still had their records certified that the debtor had, in

fact, paid the unemployment taxes in question. Furthermore, none of the states filed a proof of claim for unpaid unemployment taxes in 1987.

nal proof of claim," *Best Refrigerated Express,* 192 B.R. at 507, there is no evidence that the IRS's tardiness in filing an amendment was attributable to factors beyond the reasonable control of the IRS.

Accordingly, the Trustee's motion to disallow Claim No. 204 is sustained.

Separate journal entry to be filed.