**In re Vincent L. GRANT, Debtor(s).**

**No. 9:09–bk–23165–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 29, 2010.

698

Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtor.

Diane L. Jensen, Fort Myers, FL, Trustee.

### ORDER ON MOTION TO VACATE ORDER GRANTING RELIEF FROM AUTOMATIC STAY (Doc. No. 47) and MOTION FOR LEAVE TO AMEND AND/OR ADOPT CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY (Doc. No. 56)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTERS under consideration in this above-captioned Chapter 7 case filed by Vincent L Grant (the Debtor) are the following: (1) a Motion to Vacate Order Granting Relief from Automatic Stay, filed by Vincent L. Grant on January 8, 2010 (Motion to Vacate) (Doc. No 47); and (2) Motion for Leave to Amend and/or Adopt Creditor's Second Motion for Relief from Automatic Stay, filed by Rajdai "Vera" Jethu (the Creditor) on January 25, 2010 (Motion for Leave to Amend) (Doc. No. 56).

The Debtor in his Motion to Vacate asserts that this is the Creditor's Second Motion for Relief from Stay (Second Motion for Relief) and it was granted as a result of the Debtor missing the deadline to file a response to the Second Motion for Relief. He further states that the purpose of the Second Motion for Relief is to return this matter back to the state court for purpose of liquidating a personal injury claim. Lastly, the Debtor contends that the Creditor is not a secured creditor of the Debtor and there is no reason or basis upon which this matter should be returned back to state court for liquidation as this is a claim for which the Debtor has asserted is unliquidated, continent and disputed.

The Creditor in her Motion for Leave to Amend requests that this Court enter an Order allowing her to amend and/or adopt her pleading entitled Second Motion for Relief from Automatic Stay (Doc. No. 31) which was filed on December 4, 2009, "so as to serve as said Creditor's timely filing of Complaint Objecting to Discharge." The deadline to file a complaint objecting to discharge of the Debtor in this matter was set for January 19, 2010. The Creditor contends that by adopting and relating back to her Second Motion for Relief from Automatic Stay (Doc. No. 31) it will allow for her Amended Complaint Objecting to Discharge of Debtor (Doc. No. 57) which was filed in the general case file on January 25, 2010, to be deemed timely filed.

The following facts and circumstances are relevant to the resolution of the matters under consideration. The Debtor filed his Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code on November 13, 2009. On the same date, the Debtor filed his schedule of assets and liabilities. The Debtor identified the Creditor as an unsecured creditor in his Schedule F–Creditors Holding Unsecured Nonpriority Claims.

On October 26, 2009, an Order noticing the meeting of creditors was sent to all creditors, including, the Creditor. (Doc. No. 4). The Order stated that the Bar Date to file a complaint objecting to discharge or to determine dischargeability of certain debts pursuant to 11 U.S.C. § 523(c) was January 19, 2010.[1]

On November 2, 2009, the Creditor filed her Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d)(1) (Initial Relief Motion) (Doc. No. 16). In her Initial Relief Motion, the Creditor asserts that she is the plaintiff in a law suit filed against the Debtor in the Circuit Court for Lee County, Florida, Case No. 08–CA–026458, "alleging, *inter alia,* battery arising out of an act of said Debtor exposing his penis to the Plaintiff/Creditor while she was employed in the Debtor's medical office." It is the Creditor's contention that the above-captioned case was set for jury trial on October 15, 2009, and the Debtor filed his Petition for Relief the day before the trial was scheduled to begin. The Creditor asserts that pursuant to 11 U.S.C. § 523(a)(6), the state court matter is a claim for a willful and malicious injury to another and, therefore, is exempt from bankruptcy. On November 10, 2009, this Court entered its Order Denying the Creditors Initial Motion for Relief from

Automatic Stay based on the Creditor failing to pay the prescribed filing fee of $150.00 (Doc. No. 18). On November 25, 2009, fifteen days after the Order Denying the Initial Motion for Relief from Automatic Stay was entered, the Debtor filed Debtor's Response to the Initial Motion for Relief from Automatic Stay (Doc. No. 21).

On December 4, 2009, the Creditor filed her Second Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) (Doc. No. 31). In her Second Motion for Relief, the Creditor reasserts the identical contentions as plead in her Initial Motion for Relief to have the matter returned to state court for the purpose of liquidating the personal injury claim. On December 9, 2009, this Court entered it Order Directing Response to the Second Motion for Relief from Stay, allowing twenty-one (21) days from the entry of the Order for the Debtor to file his response (Doc. No. 32). The Debtor failed to respond. On January 6, 2010, this Court entered its Order Granting the Creditor's Second Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) (Doc. No. 45).

On January 8, 2010, the Debtor filed his Motion to Vacate Order Granting Relief from Automatic Stay, pursuant to Fed. R.Civ.P. 59 made applicable by Fed. R.Bankr.P. 9023 (Doc. No. 47). In his Motion, the Debtor contends that "[t]he Debtor missed filing the response in that it was misdocketed as to the date in which the response was to be filed." As noted earlier, the Debtor contends that the Creditor is not a secured creditor of the Debtor, therefore, there is no reason to return the matter to state court and that the claim was scheduled as unliquidated, contingent and disputed. The Debtor also points out

---

1. Unless otherwise indicated, all references to the Code or to "sections" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. Furthermore, all references to "rules" are to the Federal Rules of Bankruptcy Procedure Fed. R.Bankr.P. 1001–9025.

that the Creditor filed her Initial and Second Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d)($l$) which would be for cause and lack of adequate protection in interest in property. The Debtor contends that the Creditor failed to set forth any cause as relates to the automatic stay and to issues relating to the property of the estate.

■ It is obvious from the foregoing that no basis was set forth by the Debtor which would warrant the relief sought in his Motion to Vacate. The only contention of the Debtor is that he missed filing a Response because it was misdocketed. He failed to state any cause which would warrant granting the Motion. Therefore, this Court is satisfied that the Motion to Vacate Order Granting Relief from Automatic Stay, pursuant to Fed.R.Civ.P. 59 made applicable by Fed.R.Bankr.P. 9023 (Doc. No. 47) should be denied.

Also on January 8, 2010, the Debtor filed his Response to Second Motion for Relief from Automatic Stay (Doc. No. 48). In his Response, the Debtor admits that there was a lawsuit filed however, denies the Creditor's allegations. It should be noted that this document was filed seven days after the January 1, 2010, deadline. Therefore the Debtor's Response was untimely. Be that as it may, this Court is satisfied that in addition to being filed late, since this Court is denying the Debtor's Motion to Vacate, the Debtor's Response to Second Motion for Relief from Automatic Stay (Doc. No. 48) should be stricken.

Ordinarily, this would conclude the matter but for the fact that on January 25, 2010, the Creditor filed her Motion for Leave to Amend and/or Adopt Creditor's Second Motion for Relief from Automatic Stay (Doc. No. 56). On the same date, the Creditor filed her Amended Complaint Objecting to Discharge of Debtor (Doc. No. 57) in the general Bankruptcy Case. It

should be noted that although entitled "Amended Complaint Objecting to Discharge of Debtor," the record is clear that the Creditor never filed a complaint objecting to discharge of the Debtor prior to the January 19, 2010, deadline. The Creditor did, however, pay the $250 filing fee and the funds were received by the Clerk.

In her Motion for Leave to Amend, the Creditor requests that this Court enter an Order adopting and relating her Amended Complaint back to her Second Motion for Relief which she contends would somehow deem the Amended Complaint, filed simultaneously with her Motion for Leave to Amend, as a timely filed complaint.

On January 27, 2010, this Court entered its Order of Conditional Dismissal of the Amended Complaint filed in the general case (Doc. No. 59). In its Order, the Court found that the Amended Complaint was not in compliance with Part VII of the Fed.R.Bank.P., which governs adversary proceedings. The Court determined the Amended Complaint, as filed, was deficient since the caption of the document was incorrect and the pleading was improperly titled. The Court allowed fourteen (14) days from the date of the entry of the Order for Dennis L. Webb, Esquire, attorney for the Creditor, to comply and cure the defects no later than February 10, 2010. The record reveals that the deficiencies were never cured and, therefore, the Amended Complaint was deemed stricken. It should be noted, that inasmuch the "Amended Compliant" was stricken, the $250.00 filing fee that was paid can be returned if the appropriate document is filed with the Court.

In a Chapter 7 proceeding, a debtor is generally discharged from all debts arising before the date of the order for relief, except those that are non-dischargeable under 11 U.S.C. § 523. 4 *Collier on*

*Bankruptcy* ¶ 727.13 at 727–84 (L. King 15th ed.1988). However, by operation of Section 523(c), non-dischargeable debts are nevertheless discharged unless, upon request of the creditor within the requisite time period, the bankruptcy court determines that the debt is to be excepted from discharge. In this regard, Rule 4007(c) provides,

> A complaint to determine the dischargeability of any debt pursuant to section 523(c) of the Code shall be filed not later than sixty days following the first date set for the meeting of creditors held pursuant to section 341(a). The court shall give all creditors not less than thirty days' notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Fed.R.Bank.P. 4007(c).

■ Pursuant to Rule 4007(c), January 19, 2010, was the deadline to file a complaint to determine the dischargeability of any debt pursuant to Section 523(c) of the Code in this matter. Accordingly, by the terms of Rule 4007(c), the Creditor was required to file her complaint by this date unless, within this period, she requested and was granted an extension of time for filing such a complaint. In addition, as noted above, the Bar Date to file an adversary proceeding pursuant to Rule 7001 expired on January 19, 2010, and unless the Creditor seeks relief pursuant to Fed. R.Civ.P. 60 made applicable by Fed. R.Bankr.P. 9024, her claim will be forever barred. In sum, it is evident that while the Creditor may prevail on the contention that the December 4, 2009, Second Motion for Relief from Automatic Stay (Doc. No. 31), was proper and, therefore, the Order granting such relief entered on January 6,

2010, was also appropriate, it would not serve the Creditor any purpose unless she is able to convince this Court that she is entitled to extraordinary relief pursuant to Rule 9024.

Although in her Motion for Leave to Amend the Creditor asserts that she has met her obligations to timely file a complaint and/or Creditor's Amended Complaint Objecting to Discharge of Debtor should relate back to Creditor's Second Motion for Relief from Automatic Stay, this Court is unaware of any authority under which the relation back doctrine could be applied to relate a complaint back to another type of pleading such as the Creditor's Second Motion for Relief.

The Creditor also asserts the formal complaint should relate back to the date that the "informal complaint" (i.e. the Second Motion for Relief from Automatic Stay) was filed and, according to this assertion, the Second Motion for Relief from Automatic Stay was filed well before the Bar Date, and, therefore, the complaint was timely filed.

■ This Court is satisfied that Rule 7015 does not help the Creditor. Rule 7015 provides that, under certain circumstances, an amended pleading may relate back "to the date of the original *pleading.*" Rule 7007 specifically defines pleadings. Thus, relation back only applies when the original document was a "pleading," which is not the case in this instance. The Initial Motion and the Second Motion for Relief certainly do not even come close to the documents listed in Rule 7007 and neither serve the purpose that a complaint to determine dischargeability would if it had been filed. Thus, there is no basis for treating the Initial or the Second Motion for Relief as a "pleading" to which the complaint could relate back under Rule 7015. Furthermore, had the Creditor filed her dischargeability complaint timely, she

could have returned to this Court after her state court action to have the dischargeability of the debt determined.

Based on the foregoing, this Court is satisfied that the Creditor failed to adhere to this Rule and failed to comply with the requirements of the Federal Rules cited above. Therefore, it is appropriate for this Court to deny the Creditors Motion for Leave to Amend and/or Adopt Creditor's Second Motion for Relief from Automatic Stay (Doc. No. 56) and this Court is satisfied that this creditor did not timely file a complaint to determine the dischargeability of debt in this case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Vacate Order Granting Relief from Automatic Stay (Doc. No 47) filed by the Debtor be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Order Granting Relief from Automatic Stay (Doc. No. 45) be, and the same is hereby reaffirmed and stands as filed. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Response to Second Motion for Relief from Automatic Stay filed by Rajdai "Vera" Jethu (Doc. No. 48) be, and the same is hereby, stricken. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Leave to Amend and/or Adopt Creditor's Second Motion for Relief from Automatic Stay filed by Rajdai "Vera" Jethu (Doc. No. 56) be, and the same is hereby denied.