### In re Sherief GHARRAPH and Rasha Hetata, Debtors.

#### No. 12–57820.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division,
at Columbus.

Aug. 7, 2013.

Pamela Arndt, Columbus, OH, for Asst. US Trustee (Col), U.S. Trustee.

Arnold S. White, Columbus, OH, for Debtors.

### OPINION AND ORDER DENYING MOTION OF THE UNITED STATES TRUSTEE TO AMEND MOTION TO DISMISS DEBTORS' CASE AND DENYING MOTION TO DISMISS

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

As often happens in bankruptcy practice, a seemingly simple and straightforward request for relief—here made by the United States Trustee ("UST")—has raised difficult procedural questions. The UST moves pursuant to Federal Rule of Bankruptcy Procedure 7015 and Local Bankruptcy Rule ("LBR") 9013–1(c) for leave to amend a motion to dismiss the Debtors' case under § 707(b)(3). The Debtors oppose the UST's motion. Because neither Rule 7015 nor LBR 9013–1(c) is applicable here, and because the UST has conceded that it has no basis under § 707(b)(3) to dismiss the Debtors' case, the Court denies as moot the UST's motion for leave to amend and likewise denies its underlying motion to dismiss.

### I. Jurisdiction

The Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2).

### II. Factual and Procedural Background

Sherief Gharraph ("Sherief") and Rasha Hetata ("Rasha," and collectively with Sherief, "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 10, 2012.

On page one of their petition (Doc. 1), the Debtors checked the box reflecting that their debts were primarily business debts. Approximately two-thirds of the creditors listed on their Schedule F—Creditors Holding Unsecured Nonpriority Claims— were denominated as "business · account[s]," while approximately two-thirds of the dollar amount of the debt appeared to be attributable to non-business debt. At the time of filing, Rasha was employed, but Sherief was unemployed and seeking work. (Doc. 1, Schedule J). The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (Doc. 6) issued by the Clerk of Court stated that the presumption of abuse under 11 U.S.C. § 707(b) did not arise in the Debtors' case.

Notwithstanding the initial determination that there was no presumption of abuse, the UST filed a motion to dismiss the case under 11 U.S.C. § 707(b)(3) ("Dismissal Motion") (Doc. 15), on the grounds that the UST disagreed with the Debtors' characterization of their debts as business debts and that, with certain modifications to Schedule I, the Debtors had the ability to pay general, unsecured creditors up to 38% of their claims. The Debtors then filed an amended Schedule D adding a secured business debt, and an amended Schedule F listing an additional 11 creditors as business accounts. Thus, the percentage of creditors denominated as holding business debt increased to approximately ninety percent, and the dollar amount of the business debt accounted for approximately fifty-five percent of the total debt.

After an agreed-upon extension of time, the Debtors filed a response in opposition to the Dismissal Motion ("Response") (Doc. 23). The Court then issued an order setting a preliminary pretrial conference ("Pretrial Order") (Doc. 24). The Pretrial Order stated, in part, "This contested matter shall be subject to the Federal Rules of Bankruptcy Procedure, Part VII, as provided in Fed. R. Bankr.P. 9014(c), and, to the extent set forth in this order, the pretrial procedures provided for in LBR 7016–1(c)." Pretrial Order at 1.

Approximately two weeks after the issuance of the Pretrial Order, the UST filed a motion for leave to file an amended motion to dismiss ("Motion for Leave") (Doc. 26), in which he asserted that he learned after the filing of the Dismissal Motion that the Debtors' debts were primarily non-consumer in nature, making § 707(b)(3) inapplicable. The next day, the UST filed an amended motion for leave to file an amended motion to dismiss ("Amended Motion for Leave") (Doc. 28). By way of the Amended Motion for Leave, the UST asks to amend his Dismissal Motion to remove the request to dismiss under § 707(b)(3) and to instead seek dismissal under § 707(a) or, in the alternative, to seek conversion of the case to a case under Chapter 11 pursuant to § 706(b). The UST now argues that because Sherief has obtained post-petition employment, the Debtors are no longer "needy" and have an ability to repay creditors. Amended Motion for Leave at 3. The Debtors filed an objection to Amended Motion for Leave ("Objection") (Doc. 32).

### III. Legal Analysis

The UST's Amended Motion for Leave is brought under Rule 7015 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)"), which incorporates Rule 15 of the Federal Rules of Civil Procedure ("Civil Rule(s)"). Civil Rule 15(a) provides, in relevant part, as follows:

(a) **Amendments Before Trial.**

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21

days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The UST makes two arguments in support of the relief requested: (1) that because less than 21 days elapsed between the filing of the Response and the filing of the Amended Motion for Leave, the Dismissal Motion may be amended as a matter of course; and (2) the UST should be permitted to amend the Dismissal Motion "because justice so requires it." Am. Mot. for Leave at 3. Citing LBR 9013–1(c),[1] the UST also asserts that the "Local Bankruptcy Rules require Court permission to amend a pleading." *Id.* at 3 & n. 3. The remainder of the UST's Amended Motion for Leave sets forth substantive arguments supporting conversion or dismissal of the Debtors' case. In their Objection the Debtors assert that the UST has engaged in bad faith and undue delay in filing the Amended Motion for Leave. They maintain that permitting the UST to amend his motion would be both prejudicial to the Debtors and futile because any attack on the Debtors' petition on the basis of lack of good faith is destined to fail.

## A. Applicability of Rule 7015

 Rule 7015 does not apply under the circumstances of this case. The Court's

Pretrial Order stated that this contested matter would be "subject to the Federal Rules of Bankruptcy Procedure, Part VII, as provided in Fed. R. Bankr.P. 9014(c)." Rule 9014(c) provides that "the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069 and 7071." Fed. R. Bankr.P. 9014(c). Absent from this list is Rule 7015. While Rule 9014(c) does provide that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply," the Court here has not directed the application of any other of the Part VII rules.

The Court has found no case law explaining why Bankruptcy Rule 7015 is carved out from the list of Civil Rules that Bankruptcy Rule 9014(c) makes applicable to contested matters (which, unless a specific Bankruptcy Rule provides otherwise, are initiated by motion). It may simply be that motion practice is not subject to the more formal pleading requirements imposed in adversary proceedings by Civil Rule 10 (which is made applicable in adversary proceedings by Bankruptcy Rule 7010). The drafters of the Civil Rules no doubt recognized that judicial economy would not be served by requiring parties to seek leave of court every time a motion is amended.[2] What case law the Court has been able to locate with respect to the use of Rule 7015 in contested matters deals primarily with whether the rule may be invoked to permit the relation back of an amended proof of claim to an earlier proof of claim when the claim is the subject of an

---

1. LBR 9013–1(a), (b) and (c) provides that permissible motion practice consists of a motion accompanied by a memorandum in support, a response memorandum, and a reply memorandum. LBR 8013–1(a), (b) and (c). Subsection (c) of the local rule states that "[n]o additional memoranda will be considered except upon leave of court for good cause shown." LBR 9013–1(c).

2. In fact, the UST's own practice here demonstrates this principle. The initial Motion for Leave was filed on February 20, 2013. On February 21, 2013, the UST filed the Amended Motion for Leave. Notably, the UST did not file a motion for leave to file the Amended Motion for Leave, but simply filed the Amended Motion for Leave.

objection. Courts have come down on both sides of this issue. *Compare In re Carr*, 134 B.R. 370, 372 (Bankr.D.Neb. 1991) (declining to allow relation back because "Rule 7015 is only applicable in adversary proceedings and not in contested matters") *and In re Calisoff*, 94 B.R. 1002, 1003 n. 2 (Bankr.N.D.Ill.1988) (determining that Bankruptcy Rule 7015 applies only in adversary proceedings, and an objection to claim "does not give rise to an adversary proceeding (unless the objection seeks relief other than the disallowance of the claim), but to a contested matter") *with In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir.1992) (concluding that bankruptcy court abused its discretion by not extending Bankruptcy Rule 7015 to a contested claim proceeding—and thus not permitting relation back—because " 'to the extent possible practice before the bankruptcy courts and the district court should be the same' " (quoting Advisory Committee Note to Bankruptcy Rule 7001)), *In re Best Refrigerated Express, Inc.*, 192 B.R. 503, 506 (Bankr.D.Neb.1996) (holding that "Rule 7015 shall be applied in this contested matter" and thus allowing amended claim to relate back to the date of the filing of the original proof of claim) *and In re Enron Corp.*, 298 B.R. 513, 521–22 (Bankr. S.D.N.Y.2003) (exercising its discretion under Rule 9014(c) to apply Bankruptcy Rule 7015 in the context of a claim amendment).

Further, Civil Rule 15(a) speaks of amendments to a "pleading." Bankruptcy Rule 7007, which incorporates Civil Rule 7, provides that "[o]nly these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Motions are not listed among the allowed "pleadings." [3] *See In re Grant*, 430 B.R. 697, 701 (Bankr. M.D.Fla.2010) (concluding that Bankruptcy Rule 7015 cannot be employed to permit relation back of an untimely complaint to an earlier filed motion for relief from stay because "relation back only applies when the original document was a 'pleading,' which is not the case in this instance").

In short, a motion for leave to amend a motion is not necessary and is not contemplated by Bankruptcy Rule 7015.

**B. Applicability of LBR 9013–1(c)**

LBR 9013–1(c)—on which the UST also relies—is likewise not applicable here. The local rule merely states that no additional memoranda after the initial motion, reply and response will be considered except upon leave of court. The local rule does not speak to, prohibit or restrict in any fashion the filing of amended motions.

**C. A New Request for Relief by the UST Would Not Be Time–Barred.**

Without saying so in their papers, both parties appear to be operating under the belief that the UST must amend the current Dismissal Motion or find himself time-barred in any attempt to file a new motion to dismiss under § 707(a) or to convert the case under § 706(b). An action under either section may, however, be brought at any time. Only a motion to dismiss a case for abuse under § 707(b) or (c) is subject to the 60–day deadline imposed by Bankruptcy Rule 1017(e)(1). *See* Fed. R. Bankr.P. 1017(e)(1) ("[A] motion to dismiss a case for abuse under § 707(b) or (c) may be filed only within 60 days after

---

3. Motions are addressed in a separate section of Civil Rule 7. Civil Rule 7(b)(1) provides that "[a] request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed.R.Civ.P. 7(b)(1).

the first date set for the meeting of creditors under § 341(a), unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss.").

## IV. Conclusion

For the reasons stated above, the Amended Motion for Leave is **DENIED** as moot. And because the UST has conceded that § 707(b) does not provide a basis for dismissal of this case, the Dismissal Motion is **DENIED** without prejudice to the UST filing whatever other request for relief he deems appropriate.

**IT IS SO ORDERED.**